IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **1:21-CR-287-1 (TNM)** |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN SEEFRIED** | : | |

**Motion to Dismiss Indictment for Violation of the Speedy Trial Act**

Kevin Seefried respectfully requests that this Court dismiss the Indictment with prejudice for violation of his speedy trial rights under 18 U.S.C. § 3161. The Speedy Trial Act establishes that a defendant's trial must commence within 70 days of indictment or arraignment, or else the Court will dismiss the case. 18 U.S.C. §3162(a)(2). To date, 81 days of non-excludable time has now elapsed on the Speedy Trial Clock, making dismissal necessary.

**Relevant Factual Background**

Mr. Seefried was charged by complaint on January 13, 2021 and arrested on January 14, 2021. He was presented in the District of Delaware. He first appeared in this court on January 25, 2021. At that appearance, time under the Speedy Trial Act was excluded until March 22, 2021. On April 7, 2021, a grand jury indicted Mr. Seefried with: obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count One); entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1) (Count Two); disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Three); disorderly conduct in a Capitol building in violation of 40 U.S.C. 5104(e)(2)(G) (Count Four); and parading, demonstrating or picketing in a Capitol building, in violation of 40 U.S.C. 5104(e)(2)(G) (Count Five).

Beginning with his arraignment on May 4, 2021, time has been excluded for the following periods:

- May 4, 2021 to July 2, 2021
- August 3, 2021 to September 24, 2021;
- September 24, 2021 to October 26, 2021;
- October 26, 2021 to December 17, 2021;
- December 17, 2021 to February 18, 2022;

In addition, Mr. Kevin Seefried filed a Motion to Dismiss Count One of the Indictment on October 12, 2021. The government responded on November 2, 2021.[1] The court has had two status hearings since that date but the government did not request a hearing on the Motion to Dismiss and the court explicitly stated that it was not excluding time under the Speedy Trial Act from February 18, 2022.

**Applicable Calculations**

Under the Speedy Trial Act, Mr. Seefried is entitled to a trial that "shall commence within seventy days from the filing date … of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c). Mr. Seefried was indicted on April 7, 2021 and arraigned on May 4, 2021, so the Speedy Trial Clock began ticking on May 4, 2021.

**31 days** passed from the date of his first status hearing (July 2, 2021) and the date of his next status hearing (August 3, 2021), and none of that time was excludable.

---

[1] Since the 30 days between the filing of the Government's Response (November 7, 2021) was already excluded, the pending Motion did not add any additional time to the Speedy Trial clock calculation. *See United States v. Bryant*, 523 F.3d 349, 359 (D.C. Cir. 2008) (holding "trial judge could toll the speedy trial clock only for an additional 30 days" while deciding a motion that did not require a hearing.).

**48 days** passed from the date of his February 18, 2022 status hearing until the date of the filing of this Motion, and none of that time was excludable.

Thus, by the filing of this motion, roughly **79 days** have elapsed on the Speedy Trial clock.

**Argument**

The "manifest purpose" of the Speedy Trial Act, as its name indicates, is to "ensur[e] speedy trials." *Bloate v. United States*, 130 S. Ct. 1345, 1355 (2010). In other words, the Act is designed to "quantify and make effective" the vital Sixth Amendment right that "the accused shall enjoy the right to a speedy and public trial." *Henderson v. United States*, 476 U.S. 321, 333 (1986) (White, J., dissenting); U.S. Const. amend. VI. The "Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate*, 130 S. Ct. at 1356; *Zedner v. United States*, 547 U.S. 489, 501 (2006). And it "seeks to achieve 'efficiency in the processing of cases which is commensurate with due process.'" *United States v. Tinklenberg*, 563 U.S. 647, 657 (2011) (quoting H.R. Rep. No. 93–1508, p. 15 (1974)).

With these principles "firmly in mind," *Zedner*, 547 U.S. at 501, the Act establishes a general rule: a defendant's trial must commence within 70 days of indictment or arraignment, or else the court will dismiss the case. 18 U.S.C § 3162(a)(2). At the same time, the Act recognizes that there are valid reasons for delay in particular cases, and therefore excludes specified "periods of delay" from the 70-day limit.

**I. This case must be dismissed because Mr. Seefried's rights under the Speedy Trial Act were violated.**

Under the Speedy Trial Act,

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense *shall* commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis added).

The Act provides that certain periods of delay are excluded in computing the time within which the trial must commence. *See* 18 U.S.C. § 3161(h). The only relevant periods here are periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning defendant is actually under advisement by the court," *id.* 3161(h)(1)(H); and "[a]ny period of delay resulting from a continuance granted by any judge on his own motion …, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A).

No period of delay resulting from a continuance granted by the court, however, "shall be excludable … unless the court sets forth, in the record of the case, either orally or in writing, its *reasons for finding* that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A) (emphasis added). A judge "*shall consider*" certain factors in determining whether to grant a continuance, including whether failure to grant a continuance would make it impossible to continue the proceeding or would result in a miscarriage of justice; the complexity of the matter; and whether failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation. *See id.* § 3161(h)(7)(B) (emphasis added). A judge may not grant a

continuance "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* § 3161(h)(7)(C).

The remedy for a violation of the Speedy Trial Act is dismissal: "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint **shall be dismissed** or otherwise dropped. 18 U.S.C. § 3162(a)(1) (emphasis added). "In determining whether to dismiss the indictment with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense, the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

The Speedy Trial Act provides for "automatic" exclusion of periods of delay resulting from motions related to the defendant. *See* 18 U.S.C. § 3161(h)(1). The excluded periods of time include the date on which a motion, whether oral or written, is filed, *United States v. Taylor*, 497 F.3d 673, 676 (D.C. Cir. 2007), the date of any hearing on a pretrial motion, *United States v. Harris*, 491 F.3d 440, 443 n.1 (D.C. Cir. 2007), and the date of the court's disposition of a motion, *see id.* at 443. However, for motions that do not "require a hearing, § 3161(h)(1)(J tolls the speedy trial clock only for 'delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court." *United States v. Bryant*, 523 F.3d 349, 359 (D.C. Cir. 2008). And delays granted by the court for the preparation of pretrial motions are not automatically excluded. *See Bloate v. United States*, 130 S. Ct. 1345 (2010). While the Court may properly exclude certain periods

related to the filing and consideration of pretrial motions, the Court cannot properly exclude periods of time during which the Court was not considering any motion, unless the Court properly granted an ends-of-justice continuance.

**II. The § 3162(a)(1) Factors Weigh in Favor of Dismissal With Prejudice**

Because dismissal is mandatory, if the Court finds that Mr. Seefried had not been timely brought to trial, the Court must determine whether to dismiss the case with or without prejudice. *McClendon v. United States*¸944 F.3d 255 (D.C. Cir. 2019). Mr. Seefried has no criminal record and has been subject to onerous conditions of release for fifteen months. Mr. Seefried is not alleged to have acted violently on January 6th. While he has patiently agreed to exclude some time under the Speedy Trial Act, he certainly did not agree to a trial in fifteen months so that the government can take its time to produce evidence against him. Moreover, the social and professional stigma that he carries because of this unresolved case imposes an additional heavy burden. The length of the delay combined with the application of the additional factors necessitates dismissal with prejudice.[2]

**Conclusion**

For the above reasons, Mr. Seefried respectfully requests that the Court dismiss the indictment with prejudice.

[2] The Defense reserves the right to make additional arguments once the Government represents its views of the "facts and circumstances which led to dismissal." *United States v. Taylor*. 487 U.S. 326 (1988).

Respectfully submitted,

A.J. KRAMER
Federal Public Defender

_________/s/_________________
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington D.C. 20004
(202) 208-7500

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **1:21-CR-287-1 (TNM)** |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN SEEFRIED** | : | |

**ORDER**

Upon consideration of Mr. Seefried's Motion to Dismiss for Violation of the Speedy Trial Act, it is hereby ORDERED that this case be DISMISSED with prejudice.

Date: ________________

_______________________________________
THE HONORABLE TREVOR MCFADDEN
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA