UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-287 (TNM) |
| v. | : | |
| | : | |
| KEVIN SEEFRIED, and | : | |
| HUNTER SEEFRIED, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT, KEVIN SEEFRIED'S, MOTION
TO DISMISS INDICTMENT FOR VIOLATION OF THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, United States Attorney for the District of Columbia, hereby respectfully submits this opposition to defendant, Kevin Seefried's motion to dismiss the indictment on the ground that the Speedy Trial Act ("STA"), 18 U.S.C. § 3161-62, allegedly has been violated. ECF 60.[1] The defendant's claim focuses on the tolling of the STA clock caused by his filing, on October 12, 2021, of a motion to dismiss Count One of the Indictment ("MTD"), charging a violation of 18 U.S.C. § 1512(c)(2), pursuant to Federal Rule of Criminal Procedure 12(b). *See* ECF 37.[2] The defendant claims that, after November 9, 2021, when his reply in support of the MTD was due but not filed, only 30 days could be excluded pursuant to 18 U.S.C. § 3161(h)(1)(H) because the motion was "actually under advisement" beginning on November 9. ECF 60 at 4-5.

That claim fails. On October 16, 2021, this Court entered a minute order, scheduling a hearing on May 22, 2022 to address the MTD. That stopped the running of the STA clock, which

---

[1] Hunter Seefried has filed a notice of his intention to join Kevin Seefried's STA motion to dismiss. ECF 63.

[2] Also on October 12, 2021, Hunter Seefried filed his own "Motion to Dismiss Count One of the Indictment," ECF 36, raising the same arguments presented in Kevin Seefried's MTD.

will not restart until, at the earliest, after either the hearing takes place or when the Court decides the motion. On March 14, 2022, without holding a hearing, this Court denied the MTD without prejudice. On that date, the STA clock restarted. It stopped again—and remains stopped on April 8, 2022, with the filing of additional pretrial motions.

There being no STA violation, this Court should deny Seefried's STA motion to dismiss. Alternatively, if this Court finds a STA violation, it should dismiss the indictment without prejudice because Seefried cannot satisfy the requirements for dismissal with prejudice. *See* 18 U.S.C. § 3162(a)(1).

## PROCEDURAL HISTORY

The relevant procedural history of this is as follows:[3]

| | |
|---|---|
| ECF 1: 1/13/21 | Complaint against Kevin and Hunter Seefried filed |
| 1/14/21 | Kevin and Hunter Seefried arrested |
| 1/25/21 | Joint oral motion to waive STA granted, time excluded from 1/25 to 3/22 |
| ECF 14: 3/17/21 | Gov't unopposed motion to continue filed |
| ECF 16: 3/22/21 | Motion for continuance granted, time from 3/22 to 5/24/21 excluded |
| ECF 20: 4/7/21 | Indictment as to Kevin and Hunter Seefried issued |
| 5/4/21 | Arraignment on indictment; STA time tolled from 5/4 to 7/2/21 |
| 7/2/21 | Status conference; "time under STA not tolled" |
| 8/3/21 | Status conference; briefing schedule for pre-trial motions set; STA tolled from 8/3/21 to 9/24/21 |
| ECF 32: 9/23/21 | Gov't unopposed motion to continue and exclude time filed |
| 9/23/21 | Minute order rescheduling status conference to 10/26; time excluded from 9/24 to 10/26 |
| ECF 34: 9/23/21 | Gov't motion to exclude time under the STA filed |
| 9/24/21 | Status conference reset to 10/26/21 |
| ECF 36/37: 10/12/21 | Defense MTDs Count One filed |
| ECF 39/40: 10/20/21 | Defense motions to vacate trial and exclude time under the STA filed |
| 10/26/21 | Minute order: ECF 39/40 granted; trial and pretrial conf dates vacated; "pretrial conference *and motion hearing set for 5/20/22*; jury selection set for 6/13/22; status conference on 12/17/21; STA tolled from 10/26 |

---

[3] This history omits the Superseding Indictment issued on April 27, 2022. [ECF No. 67]. That Superseding Indictment, which removed an erroneous reference to the presence of the Vice President-elect, is not pertinent to the STA analysis.

|  | to 12/17/21; setting briefing schedule for Gov't opposition to MTD on 11/2 and defense reply on 11/9 |
|---|---|
| ECF 44:11/2/21 | Gov't memo in opposition to ECF 36 and 37 filed |
| 12/17/21 | Minute order scheduling motions in limine, motions to suppress, motions to dismiss by 4/8/22; oppositions due by 4/29; replies due by 5/13; time excluded from 12/17 through 2/18/22 |
| 2/18/22 | Status conference; next status conference set for 4/8/22 |
| 3/14/22 | Minute order denying without prejudice ECF 36 and 37; defendants may refile their motions if they adhere to 12/17/21 briefing schedule; address decisions in *Sandlin, Montgomery, Miller* |
| ECF 56: 4/8/22 | Gov't motion *in limine* re authentication of video evidence filed |
| ECF 57: 4/8/22 | Gov't motion *in limine* re cross-examination of Secret Service witnesses filed |
| ECF 58: 4/8/22 | Gov't motion *in limine* re specific locations of USCP surveillance cameras filed |
| ECF 59-63: 4/8/22 | Defense second round of MTDs filed |

That history demonstrates that the following periods were not excluded from the 70- day STA clock[4]:

| July 2 to August 3, 2021; Court expressly declines to exclude time under the STA for that period | 31 days |
|---|---|
| March 14 (Court denies MTD to April 8, 2022 (new motions are filed); Court expressly declines to exclude time under the STA during that period | 25 days |
| Total | 56 days |

But Seefried claims that period of exclusion caused by the filing of his MTD ran only from October 12, 2021, when the motion was filed, until November 9, when his reply brief was due but not filed, at which point the motion was "actually under advisement by the court." *See* 18 U.S.C.

---

[4] The 70-day STA deadline from indictment to trial begins upon "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Here, the latter date was the arraignment on the indictment on May 4, 2021.

3

§ 3161(h)(1)(H).  At that point, he argues, this Court had only 30 days, pursuant to § 3161(h)(1)(H), or until December 9, in which to rule on the MTD.  ECF 60 at 4-5. According to Seefried, although time was excluded by operation of the continuances granted from October 26 to December 17 and from December 17 to February 18, the time between February 18 to April 8, 2022 was not excluded, resulting in 49 non-excludable days. *Id*. Seefried argues that, coupled with the 31 non-excludable days from July 2 to August 3, 2021, the total number of non-excludable days is 80 (Seefried says it is actually 81, ECF 60 at 1), resulting in a violation of the STA's 70-day clock. He argues that he is entitled to dismissal of the indictment with prejudice.

For the following reasons, that claim fails.

## ARGUMENT

**A.     Because the Speedy Trial Act Clock Did Not Run While The Rule 12(b) Motion To Dismiss Was Pending Before This Court And A Hearing On That Motion Had Been Scheduled But Not Held, The Speedy Trial Act Was Not Violated.**

Under the STA, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" "shall be excluded … in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h)(1)(D). Also excluded is any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

Seefried contends that the excludable period under § 3161(h)(1)(D) expired on December 9, 2021, which was 30 days after the motion was "actually under advisement." A motion is "under advisement," when "the court receives all the papers it reasonably expects" from the parties that address the motion. *Henderson v. United States*, 476 U.S. 321, 329 (1986). But Seefried ignores that § 3161(h)(D) states that the STA clock cannot restart after a pre-trial motion has been filed

and a scheduled hearing has not yet been held. In *Henderson*, the Supreme Court rejected the defense claim that the STA clock was not tolled for delay between the filing of a pre-trial motion and a hearing if that hearing was not "reasonably necessary" to rule on the motion. The Court noted that

> subsection (F) [5] excludes "[a]ny period of delay" caused by "any pretrial motion," "from the filing of the motion through the conclusion of the hearing." *The plain terms of the statute appear to exclude all time between the filing of and the hearing on a motion whether that hearing was prompt or not.* Moreover, subsection (F) does not require that a period of delay be "reasonable" to be excluded.

476 U.S. at 326-27 (emphasis added).

> We therefore conclude that for pretrial motions that require a hearing, the phrase "or other prompt disposition" in subsection (F) does not imply that only "reasonably necessary" delays may be excluded between the time of filing of a motion and the conclusion of the hearing thereon.

Id. at 329-30.

A corollary to the ruling in *Henderson* is that "appellate courts generally have been reluctant to question the judgment of a district court that a hearing is required" and "are loath to question the court's judgment in this area absent obvious subterfuge" allowing "either the district court or the prosecution to jerry-build a 'hearing' in order to thwart the concinnous operation of the Speedy Trial Act." *United States v. Ibrahim*, 814 F.3d 30, 33 (1st Cir. 2016) (Souter, Associate Justice, sitting by designation).

Here, on October 16, 2021, this Court scheduled a hearing on the MTD for May 20, 2022. That scheduled hearing will never take place because this Court denied the MTD on March 14, 2022. It was only on that date that the Court "disposed" of the MTD, and the STA clock restarted

---

[5] Congress amended the Speedy Trial Act in 2008. *See* Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110–406, § 13, 122 Stat. 4291. The pretrial motion exclusion provision previously codified at 18 U.S.C. § 3161(h)(1)(F) is now codified at 18 U.S.C. § 3161(h)(1)(D). No substantive changes were made to that provision. *See United States v. Bloate*, 655 F.3d 750, 753 n.2 (8th Cir. 2011).

under § 3161(h)(1)(D). Seefried does not argue, and certainly could not show, that this Court engaged in an "obvious subterfuge" to thwart the STA by scheduling a hearing on his MTD. After all, that motion presented issues of first impression, whether 18 U.S.C. § 1512(c)(2) covered the charged conduct in this case. Given the novelty and substantial potential impact of that issue on numerous January 6 cases, this Court prudently scheduled Seefried's MTD for a hearing, thereby excluding all time between the date of that order and the date of the hearing. *See United States v. Tedeschi*, 774 F.2d 511, 514 (1st Cir. 1985) (Breyer, J.) (district court reasonably scheduled a hearing where defense suppression motions "were complex"; even though "not all their claims seemed automatically to call for a hearing," "all called for considerable research. This type of research takes time.").

After this Court scheduled that hearing, several judges in this District issued opinions on the subject, not all of which reached the same conclusion.[6] That this Court, before the scheduled hearing, denied both defendants' motions to dismiss Count One and directed the defendants, if they elected to refile those motions, to address some of those intervening decisions, did not somehow reach back and restart the STA clock on December 9. That would contravene the purpose of the STA to toll the clock until either a pre-trial motion is actually under advisement or a hearing

---

[6] *Compare United States v. Puma*, 1:21-cr-00454 (PLF), 2022 WL 823079, at *1 (D.D.C. Mar. 19, 2022); *United States v. Andries*, 1:21-cr-00093 (RC), 2022 WL 768684, at *7 (D.D.C. Mar. 14, 2022); *United States v. Robertson*, 1:21-cr-00034 (CRC), 2022 WL 969546, at *1 (D.D.C. Feb. 25, 2022); *United States v. McHugh*, 1:21-cr-00453 (JDB), 2022 WL 296304, at *9 (D.D.C. Feb. 1, 2022); *United States v. Grider*, 1:21-cr-00022 (CKK), 2022 WL 392307, at *6 (D.D.C. Feb. 9, 2022); *United States v. Nordean*, 1:21-cr-00175 (TJK), 2021 WL 6134595, at *8 (D.D.C. Dec. 28, 2021); *United States v. Montgomery*, 1:21-cr-00046 (RDM), 2021 WL 6134591, at *2 (D.D.C. Dec. 28, 2021); *United States v. Mostofsky*, 1:21-cr-00138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Caldwell*, 1:21-cr-00028 (APM), 2021 WL 6062718, at *7 (D.D.C. Dec. 20, 2021); *United States v. Sandlin*, 1:21-cr-00088 (DLF), 2021 WL 5865006, at *9 (D.D.C. Dec. 10, 2021) (all holding that § 1512(c)(2) applied to the charged conduct of the January 6 rioters in those cases) *with United States v. Miller*, No. 1:21-CR-00119 (CJN), 2022 WL 823070, at *1 (D.D.C. Mar. 7, 2022) (reaching the contrary conclusion).

on the motion has been held, whichever is later. After all, when a hearing on a pre-trial motion has been scheduled, the case cannot be actually under advisement before the hearing because the court and the parties anticipate that additional information, either by way of the presentation of evidence or argument, will take place at that hearing. Here, this Court assessed the legal landscape that existed on March 14 regarding Seefried's challenge to the § 1512(c)(2) charge and decided to, in effect, post-pone ruling on a motion that would benefit from additional briefing in light of the new authority.

This Court could have achieved the same result by leaving the date of the hearing in place and ordering additional briefing in advance of the hearing. There is no principled reason why the outcome of the STA analysis should turn on whether this Court held the initial MTD in abeyance while the parties submitted additional briefing or dismissed that motion without prejudice when either course of action had the same effect on the timing of this Court's decision on the motion. Seefried has filed a new motion to dismiss Count One, which this Court will now hear on May 20, 2022. Seefried will receive a ruling on his challenge to that count just as soon as he would have had this Court never denied his initial motion without prejudice to refile. That being so, this Court violated neither the spirit nor the letter of the STA when it denied the initial MTD.[7]

---

[7] *United States v. Bryant*, 523 F.3d 349 (D.C. Cir. 2008), is not to the contrary. There, on August 8, 2005, the government filed what it styled as a "notice of intent" to offer evidence pursuant Federal Rule of Criminal Procedure 609. The district court permitted defendant to respond but ordered that he had to do so by October 8. The defendant did not respond until March 16, 2006. The district court did not address the government's notice until March 20, 2006, when trial began.

The government argued that the entire period from August 8 until March 20 was excluded under the STA because the notice was "pending" before the district court during that period. *Id.* at 358. The Court of Appeals disagreed. It held that the 30-day limit under then § 3161(h)(1)(J) began to run when the defendant failed to file his response on the deadline fixed by the district court. *Id.* at 359-60. Crucially, in *Bryant*, "the District Court never held a hearing on the Rule 609 question, nor did it ever indicate that such a hearing might be required." *Id.* at 359. Here, of course, this Court *did* schedule a hearing on the MTD, and it was the scheduling of that hearing that tolled the

> **B.    Even Had The Speedy Trial Act Been Violated, The Proper Remedy Would Be A Dismissal Without Prejudice, As The Criminal Charges Are Serious, The Government Did Not Intentionally Delay Trial Or Act Improperly, Delay From Any Violation Was Minimal, And Seefried Alleges No Trial Prejudice From The Delay.**

In the event of a violation of the STA, dismissal is mandatory, but the court must determine whether to dismiss with or without prejudice to the government's right to issue a new indictment on the same charges. 18 U.S.C. § 3162(a)(1). That provision confers discretion on this Court regarding the nature of the dismissal. *United States v. Bittle*, 699 F.2d 1201, 1208 (D.C. Cir. 1983). Although "bad faith," a "pattern of neglect," or "something more than an isolated unwitting violation" on the government's part would support a dismissal with prejudice, *United States v. Taylor*, 487 U.S. 326, 339 (1988), the STA "does not require dismissal with prejudice for every violation," *id.* at 342 (reversing STA dismissal of charges with prejudice). "Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.*

The STA identifies the four factors, "among others," the court must consider in deciding whether to dismiss with or without prejudice:

> the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1). "Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to

---

STA until the date of that hearing or an earlier ruling on the motion. That makes all the difference under *Henderson*.

permit meaningful appellate review." *Taylor*, 487 U.S. at 336. The court may also consider other factors, including prejudice to the defendant, if any, from the STA violation. *Id*. at 334.

Ignoring most of those factors, Seefried contends dismissal with prejudice is warranted because he: (1) has no criminal record; (2) has been subject to onerous (he does not specify what they are) conditions of pretrial release; (3) did not act violently; (4) did not agree to all the excluded time; and (5) has suffered professional and social stigma from the pending charges. ECF 60 at 6.

Each of the enumerated factors in § 3162(a)(1) supports dismissal without prejudice. First, the charges—particularly the alleged violation of 18 U.S.C. § 1512(c)(2), which carries a maximum prison sentence of twenty years—are indisputably serious. *See Bittle*, 699 F.2d at 1208 (district court properly "us[ed] the punishment prescribed by statute for possessing stolen mail matter [ten years] as a measure of the severity of the crime"). That Seefried is not alleged to have engaged in acts of violence does not change that fact. *See United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) (drug and weapons offenses were serious).

Second, any STA violation was not caused by deliberate foot-dragging by the Court or the government. *See United States v. McLendon*, 944 F.3d 255, 264 (D.C. Cir. 2019) ("McLendon does not direct us to anything in the record that reflects a pattern of neglect or intentional misconduct on behalf of the government"). Although the Court expressed dissatisfaction with the pace of government's disclosure of the massive amount of discovery in this case, no judge in this District has dismissed charges under the STA with prejudice because of the pace of the government's disclosures. *See Taylor*, 487 U.S. at 339 (the "District Court did not find that the Government acted in bad faith with respect to respondent; neither did the court discover any pattern of neglect by the local United States Attorney"). "[T]he inquiry" regarding "the decision of whether to dismiss with or without prejudice … becomes why the Government failed" to meet the

STA deadline." *Wright*, 6 F.3d at 814 (affirming dismissal without prejudice where "the Government failed for relatively unobjectionable reasons"). Here, if the Government had any responsibility for the delay, its failure to produce discovery at a quicker pace cannot be regarded as an act of bad faith. Indeed, Seefried does not even contend that was the case.

The third factor, "the impact of a reprosecution on the administration of this chapter and on the administration of justice," has been interpreted to mean prejudice to the defendant's ability to defend against the charges caused by delay. *See Taylor* 487 U.S. at 340 ("The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty"). Seefried "does not claim that he was prejudiced by the delay in bringing him to trial." *United States v. Ferguson*, 565 F. Supp. 2d 32, 48 (D.D.C. 2008) (dismissing indictment without prejudice). Nor is this a case where a STA violation increased the length of the defendant's pretrial detention. *See McLendon*, 944 F.3d at 267 (affirming dismissal without prejudice even though defendant "assert[ed] that his liberty interest was impaired because he remained in jail after the speedy trial violation"; "courts have found even longer periods of delay to support a dismissal without prejudice despite any alleged prejudice to the defendant's liberty interest").

Moreover, even assuming Seefried's STA analysis, he suffered only eleven days of non-excludable time beyond 70 days. That is hardly a basis to prevent an adjudication on the merits of the serious charges against Seefried. *See McLendon*, 944 F.3d at 265 (affirming dismissal without prejudice where "the length of the delay [caused by the STA violation] was around twenty-five or nineteen days in total"). Seefried has failed to demonstrate that anything the Government did in this case merits the extreme sanction of dismissing the charges with prejudice.

## **CONCLUSION**

For the foregoing reasons, and any additional reasons as may be cited at a hearing on this motion, the government respectfully requests that the defendant's motion be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: */s/ Brittany L. Reed*
BRITTANY L. REED
Assistant United States Attorney
LA Bar No. 31299
650 Poydras Street, Ste. 1600
New Orleans, LA 70130
Brittany.Reed2@usdoj.gov
(504) 680-3031

*/s/ Benet J. Kearney*
BENET J. KEARNEY
Assistant United States Attorney
NY Bar No. 4774048
1 Saint Andrew's Plaza
New York, New York 10007
BKearney@usa.doj.gov
(212) 637-2260