UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KEVIN SEEFRIED )<br>)<br>Defendant. )<br>) | Case. No. 21-287-1 (TNM) |

**KEVIN SEEFRIED'S MOTION TO COMPEL DISCOVERY UNDER RULE 16 OF THE FEDERAL RULE OF CRIMINAL PROCEDURE 16 AND *BRADY V. MARYLAND***

Kevin Seefried, respectfully moves this Court to compel the government to disclose evidence requested in his letter dated June 4, 2022, ECF No. 77.

## Introduction

The government alleges that Mr. Seefried attempted to and did corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the U.S. Capitol without authority and engaging in disorderly and disruptive conduct and destroying federal property. Indictment, Count One, ECF No. 20. However, unlike in many other January 6th cases, the government has presented no evidence of intent – in its discovery productions, there are no social media posts, no communications before or after January 6th demonstrating that corrupt intent, or any statements by Mr. Seefried that demonstrated he intended or even knew of the certification proceeding at the U.S. Capitol on January 6th.

In response to the defense request for Bill of Particulars, the government set forth its theory for demonstrating corrupt intent under 18 U.S.C. 1512(c)(2). In pertinent part, the government is alleging that Mr. Seefried "intended through his individual actions and by joining

with and encouraging others, to prevent the Certification proceeding from occurring"; and "joined with a group of individuals who were targeting members of Congress."[1]

In response to the government's representations, Mr. Seefried made a series of requests under Rule 16 and *Brady v. Maryland*. These requests focused upon the identity of those individuals that Mr. Seefried allegedly aided and abetted and statements (or omissions) made by those individuals that would potentially exculpate Mr. Seefried. In short, the defense is entitled to evidence that Mr. Seefried did not act consistently with the government's theory. Within the context of this case, that includes the identities of individuals Mr. Seefried was allegedly encouraging and discovery as those individuals' conduct and statements that day.

## Argument

Rule 16 of the Federal Rules of Criminal Procedure requires that the Government provide to a defendant all information that is "material to its preparation". *Brady v. Maryland*, Local Rule 7 and the Due Process Protection Act requires the Government to produce additional evidence that would be "helpful to the defense." *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984).

---

[1] First, each defendant intended to, and did, corruptly obstruct or impede Congress's Certification of the Electoral College vote (the "Certification proceeding"). In other words, each defendant intended, though his individual actions and by joining with and encouraging others, to prevent the Certification proceeding from occurring at the time prescribed by law. Each defendant's conduct thus violated Section 1512(c)(2) by obstructing and impeding the underlying proceeding on that basis alone.

Second, each defendant intended to corruptly obstruct or impede legislators from attending and participating in the Certification proceeding. In particular, evidence at trial will show that each defendant joined with a group of individuals who were targeting members of Congress and that each defendant's actions—individually and in concert with others—aimed to prevent lawmakers from fulfilling their constitutional responsibilities by participating in the Certification proceeding. Specifically, each defendant violently and unlawfully entered the U.S. Capitol and joined with others who intended to prevent lawmakers from fulfilling their constitutional responsibilities by participating in the Certification proceeding.
Govt's Letter, June 1, 2022.

The government has taken the position that the defense is not entitled to any information about or from any of the individuals that Mr. Seefried allegedly encouraged.

I. **The government has not fully complied with Rule 16.**

a. **The elements the government must establish to prove Mr. Seefried aided and abetted another's obstruction offense.**

For the government to convict Mr. Seefried of the 1512 offense, it must show his corrupt intent beyond a reasonable doubt. Under the aiding and abetting theory advanced by the government is required to prove: 1) that others committed obstruction of an official proceeding by committing each of the elements of the offense charged; 2) that the defendant knew that obstruction of an official proceeding was going to be committed[2]; 3) that the defendant performed an act or acts in furtherance of the offense; 4) that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding; and 5) that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding. *See generally* Jury Instruction in United States v. Hale-Cusanelli, 21-CR-37 (TNM).

The government must also prove that "the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. In addition, to convict Mr. Seefried under an aiding and abetting theory, the government must also prove Mr. Seefried's knowledge and intent. Specifically:

> In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, [the government must prove] both direct and circumstantial evidence, including the defendant's words and actions and

---

[2] The Hale-Cusanelli instructions describes the second element: "that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others." But the government cannot establish Mr. Seefried's intent unless it demonstrates that he knew that the obstruction would be committed *in advance. Rosemond v. United States*, 572 U.S. 65, 77–78 (2014).

>other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abetter. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

Jury Instruction in United States v. Hale-Cusanelli, 21-CR-37 (TNM).

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the production, upon defendant's request, of documents and objects within the government's possession, custody, or control that are "*material* to preparing a defense." Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). Evidence is material—whether exculpatory or inculpatory—"as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (quoting *Lloyd*, 992 F.2d at 351). A defendant makes an adequate showing of materiality where he "present[s] any facts which would tend to show that the government was in possession of information that would be helpful to the defense." *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984).

In determining what to disclose under Rule 16, "the government cannot take a narrow reading of the term 'material' . . . [n]or may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005). Rather, "[t]he language and the spirit of the Rule are designed to provide to a criminal defendant, in the interest of fairness, the widest possible opportunity to inspect and receive such materials in the possession of the

government as may aid him in presenting his side of the case." *United States v. Libby*, 429 F. Supp. 2d 1, 5 (D.D.C. 2006) (quoting *United States v. Poindexter*, 727 F. Supp. 1470, 1473 (D.D.C. 1989); *see also* Fed. R. Crim. P. 16, Advisory Committee Notes (amend. 1974) (explaining how "broad discovery contributes to the fair and efficient administration of criminal justice" and that Rule 16 provides "the *minimum* amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases" (emphasis added)). Because it is in the interest of fairness that criminal defendants have "the widest possible opportunity to inspect and receive" material in the government's possession that may aid in the defense, disputes regarding the discoverability of information under Rule 16 "should be resolved in the defendants' favor." *United States v. Karake*, 281 F. Supp. 2d 302, 306 (D.D.C. 2003).

Here Mr. Seefried has demonstrated why the evidence he seeks is relevant to his defense. The prosecution of the Obstruction charge is novel in and of itself, and more so here under an aiding and abetting theory. He is entitled to the material as it prepares for trial so that it can "use the favorable material effectively in the preparation and presentation of its case." *United States v. Pollock*, 534 F.2d 964, 973 (D.C. Cir. 1976).

To be clear, the defense is does not know the identities or have discovery as to individuals that Mr. Seefried is alleged to have "encouraged" and is thus unaware if there is exculpatory information in their statements. But the government has provided discovery that indicates that there were many other individuals that would have been in a position to witness Mr. Seefried's statements and actions. By all indications, the government has not looked at those statements in the context of this case to see if exculpatory material exists.

II. **The government has an obligation to disclose the requested information under *Brady v. Maryland.***

The government has additional disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Specifically, in the pretrial setting, *Brady* requires disclosure of any information that is "favorable" to the defense, "without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial." *United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005). Favorable information includes any information "that tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses." *Id.*

"'[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in th[e] case,'" including the Capitol Police, the FBI, and any law enforcement body with whom it has worked and to disclose that information to the defendant. *See Strickler*, 527 U.S. at 281 (internal quotations omitted) (1995)). The effort to find exculpatory material may rest in any one of the investigative files against any January 6th defendant. As the government has mentioned time and again, this is an unprecedented investigation. The effort to ensure that the defense has all potentially exculpatory material should match the scope of the investigation. *See also* U.S. Attorney's Manual § 9-5.001.C.1 (requiring disclosure of "information that is inconsistent with any element of any crime charged . . . regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime."). "[I]t is important to note that courts in this jurisdiction look with disfavor on narrow readings of the government's *Brady* obligations; it simply is insufficient for the government to offer 'niggling excuses' for its failure to provide potentially exculpatory evidence to the defendant, and it does so at its peril." *United States v. Hsia*, 24 F.Supp.2d 14, 30 (D.D.C. 1998)(citing *United States v. Paxson*, 861 F.2d 730, 737 (D.C. Cir. 1988). As the Supreme Court explained, "a prosecutor anxious about tacking too close to the

wind will disclose a favorable piece of evidence. This is as it should be." *Kyles v. Whitley*, 514 U.S. 419, 439 (1995).

The government's response to Mr. Seefried's request is similar to that provided in *United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005). In *Safavian*, Judge Friedman rejected the government's contention that, in the pretrial setting, *Brady* only required disclosure of items that would have an impact on the outcome of the trial. *Safavian*, 233 F.R.D. at 16. As Judge Friedman recognized, "[t]he problem with this iteration of *Brady* and the government's view of its obligations at this stage of the proceedings, however, is that it permits prosecutors to withhold admittedly favorable evidence whenever the prosecutors, in their wisdom, conclude that it would not make a difference to the outcome of the trial." *Id.*

For these reasons the Court should order the government to identify the individuals that it alleges Mr. Seefried aided and abetted and should also provide their statements to the defense. The defense requests that this information be provided as soon as possible. *See Hsia¸* 24 F.Supp.2d at 29 ("[T]he government is required to disclose *Brady* material in sufficient time for the defendant to 'use the favorable material effectively in the preparation and presentation of its case.'") *see also* Local Criminal Rule 5.1 (requiring the government to make "good faith efforts to disclose" all information "favorable to an accused" that is "material" under Brady "as soon as reasonably possible after its existence is known).

For the reasons set forth above, and for such other reasons as this Court may determine, Mr. Seefreid respectfully requests that this motion be granted and that the Court order the government to produce the requested material as soon as practicable.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500