UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | Case. No. 21-287-1 (TNM) |
| ) | |
| KEVIN SEEFRIED ) | |
| ) | |
| Defendant.   ) | |
| ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING CONDUCT BY OTHERS THAN DEFENDANT**

Defendant Kevin Seefried, through undersigned counsel, respectfully moves *in limine* pursuant to Fed. R. Evid. 401(b) and 402 to exclude at his trial all evidence concerning conduct and statements of others who may have been in Mr. Seefried's general vicinity on January 6. This evidence is irrelevant because he is not alleged to have conspired with these individuals and the government cannot establish that he would have had prior awareness that these individuals would engage in such conduct or make such statements.

Background

Mr. Seefried is charged with various offenses arising out of his presence at the Capitol on January 6. Specifically, he is alleged to have entered the Capitol building after the Capitol had been breached. CCTV footage and media footage captures him moving about the Capitol, carrying a confederate flag. At no time does physically engage with police officers. While others around him are heard spontaneously shouting and physically engaging police officers, Mr. Seefried himself does not engage in any such conduct.

Under Fed. R. Evid. 401(b), evidence is only relevant if it tends to establish a "fact [that] is of consequence in determining the action." If the evidence does not tend to establish a fact of

1

consequence, it is irrelevant and therefore not admissible. Fed. R. Evid. 402. The conduct of others is not relevant to counts under which Mr. Seefried is charged as a principal. As for count one—the one count for which he is charged as an aidor and abettor—under *Rosemond v. United States*, 572 U.S. 65, 77–78 (2014), a defendant charged under an aiding and abetting theory of liability must have full and advance knowledge of circumstances relevant to the offense, such as the actions of his purported accomplices. Evidence of conduct that Mr. Seefried did not have full and advance knowledge of is therefore irrelevant to count one as well.

Even if this evidence is found to be relevant, its prejudicial value substantially outweighs its probative value and it should be excluded. Fed. R. Evid. 403. Evidence of others' spontaneous conduct that Mr. Seefried did not know about has exceedingly little probative value, if any, and it "tend[s] to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013). Evidence of the egregious and even violent conduct of some others who entered the Capitol on January 6, *e.g.*, *United States v. Caldwell*, No. 21-CR-00028, 2021 WL 6062718, at *1–2 (D.D.C. Dec. 20, 2021) (defendants wore tactical gear, brought bear spray and large dog, and "grabbed" police officer); *United States v. Sandlin*, No. 21-CR-00088, 2021 WL 5865006, at *1–2 (D.D.C. Dec. 10, 2021) (defendants brought paramilitary gear and two knives and "pushed," "wrestled," and "struck" Capitol police officers), when compared to Mr. Seefried's nonviolent behavior, may prompt a decision based on conduct that is irrelevant to his conduct and intent.

## Procedural History

Mr. Seefried is before the Court charged in a five-count indictment relating to the events on the United States Capitol grounds on January 6, 2021. ECF. 20. He was charged with the following: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. §

1512(c)(2) (Count One), Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(2) (Count Three), Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Five). *Id.* He is indicted as a principal in all five counts, and is additionally and alternatively charged in Count One under an aiding and abetting theory. *Id.*

## Argument

1. **Evidence of conduct by others that Mr. Seefried cannot be shown to have known about in advance of said conduct is irrelevant and must be excluded under Federal Rules of Evidence 401(b) and 402.**

Under Fed. R. Evid. 401(b), evidence is only relevant if it tends to establish a "fact [that] is of consequence in determining the action." If evidence does not tend to establish a fact of consequence, it is irrelevant and so not admissible under Fed. R. Evid. 402.

In *Rosemond*, the Supreme Court held that a defendant can only be held liable under an aiding and abetting theory if he acts "with full awareness of its scope" and thereby "align[s] himself with the illegal scheme in its entirety." 572 U.S. at 77–78. To do this, a defendant must have advance knowledge of all circumstances relevant to the offense such that he could have refused to participate in the full crime. *Id.* at 78. Obtaining that knowledge during the course of the crime is not sufficient to establish liability as an aidor and abettor. *Id.* at 80–81. In *Rosemond*, the Supreme Court held that the defendant could not be liable under an aiding and abetting theory for aiding and abetting possession of a firearm during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), where he was aware that his accomplice would be trafficking drugs but not aware that the accomplice would be using a firearm. *Id*. at 78. His actual knowledge of the firearm only came during the offense, at which point it was "too late for him to be reasonably able to act

3

upon it." *Id.* at 81. The Court held that he did not have the requisite intent to aid and abet a crime involving a gun, and he could not be liable as an accomplice for a violation of 18 U.S.C. § 924(c). *Id.* at 78.

Since *Rosemond* held that liability for a crime under an aiding and abetting theory requires full and advance knowledge of the crime the defendant allegedly facilitated such that he can "make the relevant legal (and indeed, moral) choice" to join the activity, *Id,* multiple circuits have applied *Rosemond* to a wide swath of offenses. *See, e.g.*, *United States v. Encarnación-Ruiz*, 787 F.3d 581, 588 (1st Cir. 2015) (defendant not liable as accomplice to production of child pornography because he was unaware victim was underage); *United States v. Goldtooth*, 754 F.3d 763, 768–69 (9th Cir. 2014) (defendant not liable as accomplice to robbery without foreknowledge that robbery was to occur).

*Rosemond* requires a demonstration of advance knowledge of all elements of an offense, including conduct of alleged accomplices, when charging a defendant under an aiding and abetting theory of liability. Under the facts of the January 6th cases, and in particular the 1512 counts, the government must prove advance knowledge of an effort to obstruct the electoral count. Such evidence could include a shared plan to obstruct, statements of an intent to go to Washington D.C. and the Capitol to meet with others in order to knowingly disrupt the certification proceeding, and social media posts soliciting or recruiting others with a shared intent. *Rosemond's* advance knowledge requirement ensures that a defendant's intent to aid and abet a crime "go[es] to the specific and entire crime charged." *Rosemond*, 572 U.S. at 76.

Therefore, for the aiding and abetting theory of liability in Count One, evidence concerning conduct by others can only tend to establish facts of consequence if Mr. Seefried had advance notice of all circumstances of the conduct. Here, Mr. Seefried had no advance notice of any of

those circumstances. Because Mr. Seefried did not have advance notice of other actors' obstructions of official proceedings as required by *Rosemond*, evidence of those obstructions are not relevant to his accomplice liability. Further, for the counts in which Mr. Seefried is charged as a principal, evidence concerning conduct by others does not tend to establish facts relevant to his own liability. As such, evidence of any conduct of other people in the Capitol building that Mr. Seefried did not know about in advance of his own actions is not relevant under Fed. R. Evid. 401(b). Evidence of such conduct, and references to that evidence, must be excluded under Fed. R. Evid. 402.

2. **Even if evidence of conduct by others that Mr. Seefried cannot be shown to have known about in advance is relevant, its probative value is outweighed by the potential for unfair prejudice and it should be excluded under Fed. R. Evid. 403.**

Because the spontaneous words and conduct of others around Mr. Seefried are insufficient to establish aidor and abettor liability, such evidence be excluded as substantially more prejudicial than probative under Fed. R. Evid. 403.

Evidence of conduct by other people around Mr. Seefried but of which he was unaware is inflammatory and could result in a decision made on an emotional basis. *See Ring*, 706 F.3d at 472 ("Relevant evidence is unfairly prejudicial when it "tend[s] to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one."). For example, evidence of the actions of Jacob Chansley, the QAnon Shaman or Doug Jensen, the QAnon supporter who pursued Officer Eugene Goodman up the stairs, are irrelevant to the allegations against Mr. Kevin Seefried. Unlike those actors who entered the Capitol on January 6, *e.g*, *Caldwell*, 2021 WL 6062718, at \*1–2; *Sandlin*, 2021 WL 5865006, at \*1–2, Mr. Seefried neither intended to participate nor actually participated in violent conduct. He did not threaten any officers or steal any property, he was not affiliated with any extremist group, and he did not even take photos or videos during the time he was inside the building. And while there maybe evidence that other individuals

5

attempted to encourage those around him, there is no evidence that Mr. Seefried ever heard that encouragement or that the encouragement was successful as it relates to him. Plainly, there is no evidence that Mr. Seefried ever intended to obstruct the electoral count, or even that he was aware that it was occurring.

Evidence of the flagrant, provocative and violent actions of others is not probative if Mr. Seefried did not have prior notice and an opportunity to make the decision to align himself with the conduct. Even though Fed. R. Evid. 403 has a limited application in bench trials, *United States ex rel. Morsell v. NortonLifeLock, Inc.*, No. 12-CV-00800, 2021 WL 7540297, at *3 (D.D.C. Aug. 25, 2021), the probative value of this evidence is de minimus and its potential for unfair prejudice is so significant as to justify the exclusion of this evidence.

## Conclusion

Wherefore, undersigned counsel respectfully moves this Court *in limine* to exclude at trial evidence concerning conduct by others of which Mr. Seefried cannot be shown to have been aware in advance of the time it was occurring, as well as all references to such conduct.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500