UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **KEVIN SEEFRIED**, *et al.*, <br><br> Defendants. | Case No. 1:21-cr-287 (TNM) |

**ORDER**

Before the Court is Kevin Seefried's motion to compel. *See* Mot. to Compel, ECF No. 78. A grand jury indicted Seefried on five counts related to his alleged conduct in the U.S. Capitol on January 6, 2021. *See* Superseding Indictment, ECF No. 67. Count One of the indictment charges Seefried with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.

In his motion to compel, Seefried seeks the identity of individuals that he allegedly aided and abetted as well as potentially exculpatory statements made by those individuals. *See* Mot. to Compel at 2. Defendant Hunter Seefried joins this motion. Mot. for Joinder, ECF No. 81. The Government opposes the motion to compel. *See* Response, ECF No. 87. Because the law does not require the Government to produce the identities or statements Seefried seeks, and because it is nonetheless voluntarily producing some of this information, the Court will deny the motion.

The law of this Circuit is clear: The Government need not identify the principal that Seefried allegedly aided and abetted. *See United States v. Staten*, 581 F.2d 878, 887 (D.C. Cir. 1978) ("The evidence did not, of course, conclusively single out . . . [the] captain of the enterprise, but that is beside the point. It was not essential that the principal in the operation be identified so long as someone had that status."); *see also United States v. Somers*, 950 F.2d 1279,

1283 (7th Cir. 1991) ("In order to convict a defendant as an aider or abettor under [18 U.S.C.] § 2, it has never been necessary to convict or even identify the principal, provided there is sufficient evidence to establish the commission of the substantive offense."); *Feldstein v. United States*, 429 F.2d 1092, 1095 (9th Cir. 1970) (similar).

More, the Pattern Criminal Jury Instructions for the District of Columbia instruct the jury that they need not know the principal's identity to convict a defendant of aiding and abetting. *See* Crim. Jury Instrs. for the Dist. of Colum., Instr. 3.200 (19th ed. 2021) ("It is not necessary that all the people who commit the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.").  The Court recently gave this instruction in another January 6 case involving a defendant tried for aiding and abetting obstruction.  *See United States v. Hale-Cusanelli*, 21-cr-37, Trial Tr. at 1024, ECF No. 97.

Finally, the Court notes that even though the Government does not have to produce the materials Seefried seeks, it is voluntarily producing some of them.  *See* Response at 5.

For all these reasons, it is hereby

**ORDERED** that Seefried's [78] Motion to Compel is DENIED.

**SO ORDERED**.

Dated: June 9, 2022

TREVOR N. McFADDEN
United States District Judge