UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case. No. 21-287-1 (TNM) |
| KEVIN SEEFRIED | ) ) ) | |
| **Defendant.** | ) ) | |

### DEFENDANT'S MEMORANDUM OF LAW ON AIDING AND ABETING CULPABILITY

The government has charged Mr. Seefried as a principal or aidor and abettor as to Count One (Obstruction of Justice). In the interests of efficiency, undersigned counsel supply this brief memorandum of law on aiding and abetting culpability in support of closing argument and respectfully incorporates by reference the final jury instructions issued by this Court in *United States v. Hale-Cusanelli*. *See* Final Jury Instrs. at 24.

To prove that Mr. Seefried aided and abetted others in committing obstruction of an official proceeding, the government must prove five elements: First, others committed obstruction of an official proceeding; second, Mr. Seefried knew that obstruction was going to be committed or was being committed by others; third, he performed an act or acts in furtherance of that obstruction; fourth, he knowingly performed his act or acts for the purpose of aiding others in committing that obstruction; fifth, he did his act or acts with the intent that others commit that obstruction. Final Jury Instrs. at 29, *Hale-Cusanelli*, No. 21-CR-00037-TNM. It must have been Mr. Seefried's "intent and purpose" to aid and abet this offense; if he was "merely associated with persons involved . . . or was merely present or was merely a knowing spectator during the commission of the offense," or even if he "knew that the offense was being committed" but lacked the necessary intent and purpose, he cannot be convicted as an aider and abettor. *Id.* at 30.

Separately, the government must show that Mr. Seefried had advance knowledge that others would be seeking to obstruct the Electoral College vote count. *See Rosemond v. United States*, 572 U.S. 65, 81–82 (2014) ("The District Court erred . . . because it did not explain that Rosemond needed advance knowledge of a firearm's presence."); *see also* Def.'s Mot. *in Lim.* 3–5, June 5, 2022, ECF No. 79. This is because the Supreme Court held in *Rosemond v. United States* that a defendant can only be held liable under an aiding and abetting theory if he acts with "full awareness of its scope" and thereby "align[s] itself with the illegal scheme in its entirety." 572 U.S. at 77–78. The defendant must have knowledge of all circumstances relevant to the full offense before his participation; obtaining that knowledge during the course of the crime is not sufficient to establish aiding and abetting liability. *Rosemond*, 572 U.S. at 80–81. Since Rosemond, multiple circuits have applied the advance knowledge requirement from *Rosemond* to a wide swath of offenses. *See, e.g.*, *United States v. Encarnación-Ruiz*, 787 F.3d 581, 588 (1st Cir. 2015) (defendant not liable as accomplice to production of child pornography because he was unaware victim was underage); *United States v. Goldtooth*, 754 F.3d 763, 768–69 (9th Cir. 2014) (defendant not liable as accomplice to robbery without foreknowledge that robbery was to occur).

Mr. Seefried respectfully refers the Court to this memorandum of law regarding aiding and abetting liability in support of closing argument.

                                                  Respectfully submitted,

                                                  A.J. KRAMER
                                                  Federal Public Defender


                                                  _____/s/_____
                                                  EUGENE OHM
                                                  ELIZABETH MULLIN
                                                  Assistant Federal Public Defenders

3

625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004

(202) 208-7500

3