UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case. No. 21-287-1 (TNM) |
| KEVIN SEEFRIED | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Kevin Seefried respectfully moves this Court for release pending appeal and stay of execution of his sentence. Release is warranted because Mr. Seefried poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before the appeal concludes. A substantial question exists about whether, as a legal matter, 18 U.S.C. § 1512(c)(2) does not apply to Mr. Seefried's conduct on January 6 and that there was insufficient evidence to convict him of that count, as the Honorable Judge Nichols held when dismissing the identical count in *United States v. Miller*, No. 21-cr-119 (CJN), Dkt. 72 (Mar. 7, 2022). *Accord United States v. Rahm*, No. 21-cr-150 (RJL), Dkt. 80 (Feb. 21, 2023) (granting bail pending appeal to individual convicted under § 1512(c)(2) and staying execution of sentence pending outcome of appeals in *United*

*States v. Miller*, No. 22-3041 (D.C. Cir.) and *United States v. Rahm*, No. 23-3012 (D.C. Cir.)) (attached as Ex. 1).

## Background

On April 27, 2022, Mr. Seefried was charged by indictment with five counts: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. § 1512(c)(2) (Count One), Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(2) (Count Three), Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Five).[1]

On June 15, 2022, following a two-day bench trial, this Court convicted Mr. Seefried of all counts. On February 9, 2023, Mr. Seefried was sentenced to an aggregate term of 36 months (36 months on Count 1; 12 months on each of Counts 2 and 3; and 6 months on each of Counts 4 and 5, all to run concurrently), followed by 12 months of supervised release. The Court allowed Mr. Seefried to remain on bond pending a date to be set by the Bureau of Prisons for his self-surrender. The Court also set a deadline of March 2, 2023, for the defense to file the instant motion for

---

[1] Kevin Seefried was charged alongside his son, Hunter Seefried. Hunter was charged with three additional counts of destruction of property.

release pending appeal. The government's opposition is due March 16, 2023, and Mr. Seefried's reply is due March 23, 2023.

## Grounds for Release Pending Appeal

A court "shall order the release" of an individual pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). Mr. Seefried's release is required because all of the statutory criteria are met.

**A.  There is no flight or safety risk.**

Mr. Seefried has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk by his behavior since the outset of this case. Since January 25, 2021, Mr. Seefried has been released on conditions and a personal

recognizance bond. Thus for more than two years, he has fully demonstrated his compliance with all pretrial release conditions placed upon him. As the Court is aware, Mr. Seefried lives in Laurel, Delaware, is a cancer survivor, and is gainfully employed installing drywall. His continued employment and ability to earn money for his family as an hourly wage earner underscores that he will neither flee nor pose any safety concerns, because doing so would risk his livelihood in the months before he is incarcerated.

**B.     The appeal raises a substantial question and therefore is not for the purpose of delay.**

Whether Section 1512(c)(2) applies to Mr. Seefried's conduct is a substantial question of law. By appealing this very issue, then, this appeal is not for purposes of a delay.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require that the Court find that Mr. Seefried's appeal establishes a likelihood of reversal before it may grant him release pending appeal. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well *could* be'" decided in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)).

As the Court is aware, the legal propriety of the felony obstruction count, charging 18 U.S.C. § 1512(c)(2), was challenged in this case. Mr. Seefried made three arguments supporting dismissal of this count. First, the statutory language, legislative history, and legal precedent reflect that § 1512(c)(2) prohibits only the corrupt obstruction of tribunal-like proceedings before Congress related to the administration of justice, not a proceeding like the certification of the electoral college vote. Second, the conduct Mr. Seefried was accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, as § 1512(c)(2) is limited by § 1512(c)(1). As such, subsection (c)(2) prohibits only conduct that undermines an official proceeding's truth-finding function through actions impairing the integrity and availability of evidence. Third, as charged, § 1512(c)(2) does not provide fair notice that "official proceedings" includes proceedings unrelated to the administration of justice, and the statute's *mens rea* requirement—that the criminal act be committed "corruptly"—lacks a limiting principle, rendering the statute unconstitutionally vague as applied to Mr. Seefried. [ECF. No. 37].

These are "close question[s] or one[s] that very well could be decided the other way." *Perholtz*, 836 F.2d at 555. Indeed, substantiality is not hypothetical here: another judge in this district has in fact credited the second argument under a lenity analysis and consequently dismissed a § 1512(c)(2) count in a January 6 prosecution. *See United States v. Miller*, No. 21-cr-119 (CJN), Dkt. 72. That ruling has now been appealed, with oral argument in the D.C. Circuit held on December 12, 2022. *See*

*United States v. Miller*, No. 22-3041 (D.C. Cir.). The fact that oral argument was ordered further demonstrates that the question it raises is substantial, because one-sided questions are typically submitted on the briefs without argument. *See* D.C. Cir. R. 34(a)(2).

C. **Resolution of this substantial question in Mr. Seefried's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.**

If decided in Mr. Seefried's favor, his appellate challenge to § 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before the appeal concludes. Mr. Seefried's three-year sentence is driven by the 36 months imposed on the felony § 1512(c)(2) count; the remaining, concurrent sentences for his misdemeanor counts were all substantially less—only 12 months on each of Counts 2 and 3 and only 6 months on each of Counts 4 and 5, representing the maximum sentence statutorily authorized on those counts.

It is likely that his sentence on the remaining counts would be even lower if the felony conviction was overturned. Under the sentencing-package doctrine, all of the misdemeanor sentences would be vacated upon the reversal of the felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006).

In fact, not only are the misdemeanor sentences already much lower than Mr. Seefried's felony sentence, there is reason to believe the misdemeanor sentences would have been even lower if no felony conviction existed. The best indicator of Mr. Seefried's likely sentence without the felony obstruction conviction is what this Court has most frequently imposed on misdemeanor-only January 6 defendants whose conduct and history are similar to Mr. Seefried's: less than a month of incarceration or probation only. *See, e.g., United States v. Winn*, No. 21-cr-139-1 (TNM) (10 days' incarceration); *United States v. Griffin*, No. 21-cr-92 (TNM) (14 days' incarceration); *United States v. Cordon*, No. 21-cr-277 (TNM) (12 months' probation); *United States v. Cudd*, No. 21-cr-68-1 (TNM) (2 months' probation); *United States v. Pert*, No. 21-cr-139-1 (TNM) (24 months' probation).

Moreover, resolution of the § 1512(c)(2) appeal in Mr. Seefried's favor is very likely to result in a sentence less than the total of the time already served given the expected duration of the appeal process. The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[2] Mr. Seefried's appeal may take even longer, however, because it will likely be held by the D.C. Circuit pending *Miller*. Given that Mr. Seefried's remaining sentences are 12 months or less, even if nothing else changes, his sentence absent the obstruction

---

[2] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at*
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

count will be less than the likely appellate process plus time already served. And if *Miller* is decided favorably in the near future resulting in an immediate remand of Mr. Seefried's case, perhaps the most likely reduced imprisonment sentence for his misdemeanor counts—less than a month—would almost certainly expire before his appeal concludes.

## Conclusion

For these reasons, Mr. Seefried respectfully moves for release pending appeal and stay of execution of his sentence.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Elizabeth Mullin
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500