UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00287-TNM |
| | : | |
| **KEVIN SEEFRIED** | : | |
| | : | |
| | : | |
| **Defendant.** | | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION FOR RELEASE PENDING APPEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this opposition to the Defendant's Motion for Release Pending Appeal.

### INTRODUCTION

The defendant, Kevin Seefried ("Seefried"), has moved for release on his current conditions pending appeal of his convictions after trial. ECF No. 146. The defendant claims release pending his appeal is warranted because he does not pose a danger to the community or a flight risk, and his appeal raises questions of law that would result in a reduced imprisonment sentence if he were to prevail.

The government concedes the defendant does not pose a danger to the community or a risk of flight. The government further concedes the appeal is not for the purposes of delay. Notwithstanding, the defendant has failed to meet his burden pursuant to 18 U.S.C. § 3143 of showing there is a substantial question of law or fact that is likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to

a term of imprisonment and should not be released during the pendency of his appeal. Although the issues presented by the defendant's appeal are currently pending before the Circuit in other cases, the overwhelming majority of judges in this District have rejected these claims. Further, because the defendant was sentenced to 36 months of imprisonment as to Count One, and a term of 12 months on Counts Two and Three, with each sentence to run concurrently, the sentences applicable to the two counts of conviction unaffected by his claims as to the Obstruction of an Official Proceeding count would still result in a term of imprisonment that exceeds "the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

Accordingly, the defendant's Motion for Release Pending Appeal should be denied.

## BACKGROUND

Seefried was charged in a five count Superseding Indictment that was returned on April 27, 2002. The defendant was charged with violating Title 18, United States Code, Sections 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting) (Count One); Title 18, United States Code, Section 1752(a)(1)) (Entering and Remaining in a Restricted Building or Grounds) (Count Two); Title 18, United States Code, Section 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) (Count Three); Title 40, United States Code, Section 5104(e)(2)(D) (Disorderly and Disruptive Conduct in the Capitol Building) (Count Four); and Title 40, United States Code, Section 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building) (Count Five).

The defendant moved to dismiss Count One of the Indictment, asserting that Congress' certification of the electoral count on January 6, 2021 was not an "Official Proceeding" as contemplated by § 1512(c), that Congress intended the statute to only apply to obstruction tied to documentary or tangible evidence, which the defendant claimed did not cover his conduct and that

18 U.S.C. § 1512(c)(2) was unconstitutionally vague as applied in this case. ECF No. 59. Following written submissions, this Court denied the defendant's motion to dismiss in its entirety. May 20, 2022 Minute Entry.

On June 15, 2022, the defendant was convicted of all counts of the Superseding Indictment following a bench trial before the Court. June 15, 2022 Minute Entry.

On February 9, 2023, the Court sentenced the defendant, principally, to 36 months incarceration on Count One, a term of 12 months on Counts 2 and 3, each, and a term of 6 months on Counts 4 and 5, each, all to run concurrently. June 15, 2022 Minute Entry. The defendant orally moved for permission to file a motion for release appeal. *Id.* The Court permitted the defendant to remain on bond on a personal recognizance, and allowed the defendant was allowed to voluntarily surrender to the Bureau of Prisons for service of his sentence at a later date. *Id.*

On February 17, 2023, the defendant filed a notice of appeal. ECF No. 144. No appeal brief has been filed to date. On March 2, 2023, the defendant filed the Motion for Release. ECF No. 146.

## LEGAL STANDARD

18 U.S.C. § 3143(b)(1) directs a judicial officer "shall order" detention of a defendant who has been found guilty of an offense and sentenced to a term of imprisonment who has filed an appeal unless the judicial officer finds-

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

"[O]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." H.R. Rep. No. 91-907, at 186 (1970) (regarding model for 18 U.S.C. § 3143). Indeed, there are compelling reasons to deny release pending appeal in most cases:

> First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law .... Second, the decision to send a convicted person to jail, and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later, after the appeal is decided. Third, release of a criminal into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law.

*United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H.R. Rep. No. 91-907, at 186-87).

With these principles in mind, Congress enacted the Bail Reform Act of 1984 ("the Act") to "make[] it considerably more difficult for a defendant to be released on bail pending appeal." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (noting that the changes Congress made in the Act were "designed to toughen the law with respect to bail pending appeal").

"The law has shifted from a presumption of release to a presumption of valid conviction." *United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1988). "The defendant bears the burden of rebutting this presumption and 'demonstrat[ing] that he has a substantial question to present [upon appeal] before he may be admitted to bail.'" *United States v. Libby,* 498 F.Supp.2d 1, 3 (D.D.C. June 21, 2007) (internal citations omitted).

"[U]nder the criteria established by the Act which the defendant now has the burden of proving if s/he seeks bail pending appeal, the court must find: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact;

4

and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Miller,* 753 F.2d at 24.

As stated above, the government concedes the first two prongs in this matter. However, that is not the end of the analysis.

## ARGUMENT

**I. The Defendant's Asserted Basis for Appeal does not Raise a Substantial Question of Law or Fact.**

As identified in the defendant's motion, his arguments in favor of release pending appeal challenge the denial of the defendant's motion to dismiss the felony obstruction count. This argument does not present a "close" call sufficient to justify release pending appeal

To determine whether a substantial question exists, a court must inquire whether a defendant has raised an issue that is "a close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 556; *see id.* at 555 (stating that "close question" standard is "more demanding" than one that requires inquiry to be "fairly debatable," "fairly doubtful," or simply "not frivolous"); *see also United States v. Lutamila*, No. CR 20-24 (JEB), 2022 WL 16744904, at *1 (D.D.C. Nov. 7, 2022) (setting out standard and citing further cases).

Nearly every judge in this District, including this Court[1], has rejected the challenges the defendant raised with respect to Count One of the Superseding Indictment. *See, e.g., United States v. Fitzsimons*, 21-cr-158, 2022 WL 1698063, at *6-*12 (D.D.C. May 26, 2022) (Contreras, J.);

---

[1] In *United States v. Costianes*, 21-cr-180 (RJL), February 24, 2022 Minute Entry and *United States v. Montano Alvarado,* 21-cr-154 (RJL), December 12, 2022 Minute Entry, this Court considered and rejected some of the same arguments raised by this defendant. The government acknowledges the Court's holdings in *United States v. Miller*, 21-cr-119 (CJN), ECF No. 72 (Mar. 7, 2022), *United States v. Rahm*, 21-cr-150 (RJL), ECF No. 80 (Feb. 21, 2023).

*United States v. Bingert*, 21-cr-91, 2022 WL 1659163, at *7-*11 (D.D.C. May 25, 2022) (Lamberth, J.); *United States v. Hale-Cusanelli*, 21-cr-37, ECF No. 82 (D.D.C. May 6, 2022) (McFadden, J.) (motion to dismiss hearing at pp. 4-8); *United States v. McHugh (McHugh II)*, 21-cr-453, 2022 WL 1302880, at *2-*13 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma*, 21-cr-454, 2022 WL 823079, at *12 n.4 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bozell*, 21-cr-216, 2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Grider*, 21-cr-22, 2022 WL 392307, at *5-*6 (D.D.C. Feb. 9, 2022) (Kollar-Kotelly, J.); *United States v. Nordean*, 21-cr-175, 2021 WL 6134595, at *6-*8 (D.D.C. Dec. 28, 2021) (Kelly, J.); *United States v. Montgomery*, 21-cr-46, 2021 WL 6134591, at *10-18 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Mostofsky*, 21-cr-138, 2021 WL 6049891, at *11 (Dec. 21, 2021) (Boasberg, J.); *United States v. Caldwell*, 21-cr-28, 2021 WL 6062718, at *11-*21 (D.D.C. Dec. 20, 2021) (Mehta, J.); *United States v. Sandlin*, 21-cr-88, 2021 WL 5865006, at *5-*9 (D.D.C. Dec. 10, 2021) (Friedrich, J.); *contra United States v. Miller*, 21-cr-119, 2022 WL 1718984 (D.D.C. May 27, 2022) (Nichols, J.), *appeal docketed*, 22-3041 (D.C. Cir. June 28, 2022) (finding that certification is an "official proceeding," but that the charged conduct did not violate § 1512(c)(2)).

Accordingly, the defendant has failed to meet his burden of showing a substantial question of law or fact that is likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment.

**II. Even if the Defendant's Appeal is Successful, he is Still Subject to Concurrent Terms of Imprisonment.**

The defendant has failed to meet his burden for release under Section 3143(b)(1)(B) because, even if his appeal is successful, he is still subject to concurrent terms of imprisonment.

The Circuit Court of Appeals for the District of Columbia has held that where, as here, a defendant has been sentenced to prison terms on different counts of conviction he "cannot be released unless the appeal raises a substantial question likely to result in reversal on all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557; see also *United States v. Dale*, 223 F.2d 181, 183 (7th Cir. 1955)("As the sentences imposed [were] to run concurrently the burden was upon petitioner to show error as to each count."); *United States v. Bayko,* 774 F.2d 516, 522 (1st Cir. 1985)("All agree that that the provision breaks down into two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed"); *United States v. Green,* 1998 WL 796118 *1 (10th Cir. November 17, 1998)(denying defendant's release pending appeal where he failed to show "his motion would result either in a reversal of all of his convictions or in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process"); *United States v. Goldman,* 1993 WL 48906 *4 (N.D.N.Y. February 24, 1993)("In cases where a substantial issue of law exists with regard to only a portion of the conviction, the court is not permitted to grant bail pending appeal").  Where a defendant is convicted of more than one count, the substantial question must have a bearing on the other count or counts of conviction in order to be eligible for release.  *Morrison v. United States,* 486 U.S. 1306 (1988) (Rehnquist, J., in chambers).

Here, the defendant was convicted of all counts of the Superseding Indictment following the bench trial.  In addition to Count One, the Court imposed concurrent 12-month sentences on Counts Two and Three.  The first question of law or fact raised by the defendant on his appeal, however, pertains only to Count One, specifically "[t]he legal propriety of the felony obstruction

7

count, charging 18 U.S.C. § 1512(c)(2)" *See* Def's Motion at 5.  Since the question of law or fact raised by the defendant is applicable only to one count of conviction upon which imprisonment was imposed, the defendant cannot meet his burden of showing that his claim is likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment on the other counts.  Accordingly, his motion must be denied.

 Put simply, because the sentences imposed in this case were ordered to run concurrently, and the defendant's claim on appeal would, at most, impact only one of the five counts of which he was convicted, he has failed "to show error as to each count," and his Motion for Release Pending Appeal should be denied.  *Dale*, 223 F.2d at 183; *see also Perholtz*, 836 F.2d at 557 ("All three appellants received prison terms on SBA related mail fraud counts, and they cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed.").

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny the defendant's Motion for Release Pending Appeal.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney

By:    */s/ Brittany L. Reed*
        BRITTANY L. REED
        Assistant United States Attorney
        LA Bar No. 31299
        650 Poydras Street, Ste. 1600
        New Orleans, LA 70130
        Brittany.Reed2@usdoj.gov
        (504) 680-3031

        */s/ Benet J. Kearney*
        BENET J. KEARNEY
        Assistant United States Attorney
        NY Bar No. 4774048
        1 Saint Andrew's Plaza
        New York, New York 10007
        BKearney@usa.doj.gov
        (212) 637-2260

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this opposition was sent to counsel for the defendant, Eugene Ohm and Elizabeth Mullin, on March 16, 2023, via CM/ECF and/or by email.

        */s/ Brittany L. Reed*
        BRITTANY L. REED
        Assistant United States Attorney