UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case. No. 21-287-1 (TNM) |
| | ) | |
| **KEVIN SEEFRIED** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR RELEASE PEDNING APPEAL

Kevin Seefried submits this brief reply to the government's opposition to Mr. Seefried's motion for release pending appeal. Mr. Seefried here notes that the government does not oppose his separate Motion to delay the date by which he must report to serve his sentence. ECF. No. 147.[1]

As for Mr. Seefried's motion for release pending appeal, the government appropriately concedes the first two criteria—lack of flight or safety risk and a non-delay purpose of the appeal. It contests the third and fourth criteria—substantiality and impact of prevailing—under a mistaken view of the applicable legal standards, as explained below.

---

[1] In that Motion, Mr. Seefried has moved the Court for an Order permitting him to delay the date by which he must report to BOP to a date after his grandson's birthday party, which is currently scheduled for April 22, 2023. Accordingly, he has moved to report after April 30, 2023. The government does not oppose this request. *See* ECF. No. 149.

1. **Substantiality.**

The D.C. Circuit has made it perfectly clear what substantiality means: "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). By definition, Mr. Seefried's appeal question is substantial because it in fact has been decided the other way. *See United States v. Miller*, No. 21-cr-119 (CJN), ECF. 72. Instead of abiding by the *Perholtz* "could be decided the other way" standard, the government substitutes a likelihood-of-success standard by opining that the district-court headcount on the appeal issue suggests Mr. Seefried is likely to lose. Opp. at 5-7. Even if the government's odds-making were right, that is simply not the standard. *Perholtz*, 836 F.2d at 555; *see also United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985) ("The federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome.").

2. **Impact of prevailing.**

The government argues that prevailing on the felony obstruction count issue would have no impact because Mr. Seefried has unaffected misdemeanor convictions. This argument fails. As to the felony obstruction count issue, the government again gets the standard wrong by claiming Mr. Seefried must show his appeal is "likely to result in reversal on all counts on which imprisonment is imposed." Opp. at 7 (quoting *Perholtz*, 836 F.2d at 557). Under the sentencing-package doctrine, all of the 12-month sentences would be vacated upon the reversal of the felony obstruction conviction because the felony and misdemeanor counts are interdependent under the

Guidelines and, regardless, there is every reason to believe the misdemeanor sentences would have been lower without the felony conviction. *See United States v. Smith*, 467 F.3d 785, 789-90 (D.C. Cir. 2006); Mot. at 7 (collecting sentences in comparable misdemeanor-only cases). The government simply ignores the sentencing-package doctrine and the likelihood of a lower aggregate sentence upon reversal of the felony obstruction conviction. In any event, in light of the current median time appeals remain pending in this Circuit, in addition to the likelihood that, should *Miller* be reversed, defendants like Mr. Seefried will seek Supreme Court review, his sentence will likely expire before his appeal concludes.

## Conclusion

Mr. Seefried respectfully moves for release pending appeal and stay of execution of his sentence. Should the Court deny this Motion, he has separately moved the Court to delay the date by which he must report to serve his sentence to past April 30, 2023.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Elizabeth Mullin
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500