UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **KEVIN SEEFRIED,** <br><br> Defendant. | Case No. 1:21-cr-287-1 (TNM) |

# ORDER

A grand jury indicted Kevin Seefried on five counts related to his conduct in the United States Capitol on January 6, 2021.  *See* Superseding Indictment, ECF No. 67.  These counts are (1) Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2); (2) Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752; (4) Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G).  He was convicted via bench trial and sentenced to thirty-six months incarceration on Count 1, twelve months each for Counts 2 and 3, and six months each for Counts 4 and 5, all to run concurrently.

Before the Court is Seefried's Motion for Release Pending Appeal.  *See* Mot. for Release, ECF No. 146.  A Court "shall order the release" of an individual pending appeal if it finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community and that the appeal is not for the purpose of delay.  18 U.S.C. § 3143(b)(1).  And the Court must also find that the appeal raises a substantial question of law or fact likely to result in,

among other things, a reduced sentence to a term of imprisonment less than the total of time served plus the duration of the appeal process.  *See id.*

The parties agree that Seefried does not pose a danger to the community or a risk of flight or that the appeal is for the purpose of delay.  *See* Gov't Opp'n at 1, ECF No. 148.  Seefried has complied with his pretrial release conditions for more than two years, and he has remained gainfully employed.  *See* Mot. for Release at 4.

Therefore, the only question is whether Seefried has met his burden to show that his appeal raises a substantial question of law that is likely to result in a reduced sentence that would expire before the appeal concludes.  *See* 18 U.S.C. § 3143; *compare* Mot. for Release at 6, *with* Gov't Opp'n at 4–8.  The Court finds that he has.

A "substantial question" is "a close question or one that very well could be decided the other way."  *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1985).  As Seefried point out, *United States v. Miller,* No. 22-3041, is pending in front of the D.C. Circuit, and oral argument was held last December.  *See* Mot. for Release at 5.  In that case, another judge in this district found that conduct similar to Seefried's did not qualify as something that "otherwise obstructs, influences, or impedes" an official proceeding under § 1512(c)(2).  *See United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022).  While the Government collects many district court cases disagreeing with the district judge's *Miller* opinion, *see* Gov't Opp'n at 5–7, that bean counting does not render the question of law raised on appeal insubstantial.  On the contrary, the appeal raises a "close question" of statutory interpretation on which reasonable minds can disagree.  *Perholtz*, 836 F.2d at 555.

More, Seefried's three-year sentence is driven by the § 1512(c) conviction.  His concurrent sentences for the other counts are twelve months each for Counts 2 and 3, and six

months each for Counts 4 and 5.  The Court finds that, in light of the current median time appeals remain pending in the Circuit, *see* Mot. for Release at 7 n.2, Seefried's sentence absent the obstruction count could be less than the time it takes for the appellate process in *Miller* to resolve.  This is especially true given that Seefried's other counts of convictions would all be misdemeanors if § 1512(c) is found inapplicable to his conduct.

For all these reasons, it is

**ORDERED** that Seefried's [146] Motion for Release Pending Appeal is GRANTED IN PART.  It is ORDERED that the date by which the Defendant must report to the Bureau of Prisons is STAYED pending resolution of the appeal in *United States v. Miller*, No. 22-3041 (D.C. Cir.); and it is further

**ORDERED** that within 14 days of the D.C. Circuit's decision in *Miller*, the parties shall file a joint-status report, advising the Court as to the parties' positions on the Motion for Release in light of the Circuit's ruling in *Miller*.  The issue of the Defendant's report date shall be addressed in the joint-status report

In light of this Court's Order, the U.S. Probation Office is directed to notify the Bureau of Prisons that the date by which Kevin Seefried report to serve his 36-month sentence is hereby STAYED until further order of the Court.

**SO ORDERED.**[1]

Dated:  March 21, 2023

TREVOR N. McFADDEN
United States District Judge

---

[1] Because the Court grants Seefried's Motion for Release pending appeal, it denies his Motion to Delay his Report Date, ECF No. 147, as moot.