UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-287 (TNM) |
| v. : | |
| : | |
| KEVIN SEEFRIED : | |
| : | |
| Defendant. : | |

### JOINT STATUS REPORT PURSUANT TO THE COURT'S MARCH 21, 2023 ORDER

Defendant Kevin Seefried moved the Court for release pending appeal pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1). This Court granted his Motion in part and ordered that "within 14 days of the D.C. Circuit's decision in Miller, advising the Court as to the parties' positions on the Motion for Release in light of the Circuit's ruling in *Miller*." ECF. No. 151 at 3. The Court further ordered the parties to address the defendant's report date in the joint-status report. ECF. No. 151. The United States Court of Appeals for the District of Columbia issued an opinion in *U.S. v. Fischer* (consolidated with *Miller*) on April 4, 2023. *See United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023). Accordingly, the parties submit their respective positions.

DEFENDANT'S POSITION

The defendant's position is unchanged. That is, substantial questions exist about whether (1) as a legal matter, 18 U.S.C. §1512(c)(2) applies to his conduct and (2) there was sufficient evidence that he acted "corruptly." The Circuit's opinion far from resolved these questions. It is fractured among lead opinion, concurrence, and dissent. As to the latter question, Judge Walker in his concurrence disagreed with the lead opinion that the Court need not define "corruptly" and that "corruptly" requires that a defendant act with an "intent to procure an unlawful benefit" with a

requisite knowledge of unlawfulness. Judge Katsas in dissent agreed with Judge Nichols that the 1512 is concerned with the "acts that affect the integrity and availability of evidence" and not the conduct alleged against January 6 defendants. Dissenting Op. at *38.

In light of the fractured opinion, defendants in *Fischer* are appealing to an *en banc* panel. Therefore, for the reasons stated in Mr. Seefried's Motion for Release Pending Appeal, ECF. No. 146, he respectfully moves the Court to maintain his release conditions until such time that the issues raised in *United States v. Fischer* are finally resolved.

## GOVERNMENT'S POSITION

In *United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), the D.C. Circuit held that 18 U.S.C. § 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at *3. The court explained that "the meaning of the statute is unambiguous . . . § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4. This "broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at *5 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding.

*Fischer*'s holding regarding the type of obstructive acts that may satisfy § 1512(c)(2) does not resolve the scope of that statute's separate *mens rea* requirement—specifically, the meaning of the word "corruptly" as it is used in § 1512(c). That issue is pending before the D.C. Circuit in a different case, *United States v. Robertson*, No. 22-3062, which is scheduled to be argued on May 11, 2023.

As explained in both the majority and dissenting opinions in *Fischer*, the definition of "corruptly" was not squarely presented in that case and therefore was not resolved. *See* 2023 WL 2817988, at *7 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent); *id.* at *8 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with Judge Pan's opinion "on the issue of *mens rea*"); *Id.* at *42-*43 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt any particular one). Although Judge Walker would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *id.* at *22 (Walker, J., concurring), the resolution of that *mens rea* issue was not necessary to the court's holding concerning the *actus reus* of the offense—which Judge Walker joined—and his views on the meaning of "corruptly" were not adopted by the other judges on the panel.

Accordingly, there is no reason for this Court to turn to *United States v. Marks*, 430 U.S. 188 (1977), for guidance on how to interpret *Fischer*'s holding. In *Marks*, the Supreme Court held that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'" 430 U.S. at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality op.)). *Marks* is inapposite for a number of reasons.

*First*, there *is* a "single rational explaining the result" in *Fischer* that a majority of the court adopted: all but Section I.C.1 (declining to interpret "corruptly") and footnote 8 of Judge Pan's majority opinion. That opinion held in Section I.A that § 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is

already covered by § 1512(c)(1)." *Fischer*, 2023 WL 2817988, at *4. Thus, unlike the situation described in *Marks*—where more than five Justices agreed on a result, but no five Justices agreed on a rationale—here, a majority of the court did agree on a rationale explaining the result: § 1512(c)(2)'s unambiguous statutory text. Thus, *Marks* has no applicability.

In this respect, the *Fischer* majority opinion is like those that have commanded a five-Justice majority in the Supreme Court, with one Justice writing a concurring opinion explaining his or her disagreement with aspects of the majority opinion but joining it anyway. *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352-53 (2011) (Thomas, J., concurring); *Arizona v. Gant*, 556 U.S. 332, 354 (2009) (Scalia, J., concurring); *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 408 (2002) (O'Connor, J, concurring). In such a case, it is the majority opinion that controls, and *Marks* has no applicability. *See* Richard M. Re, *Beyond the Marks Rule*, 132 Harv. L. Rev. 1942, 2001-02 nn.311, 322 (2019) (noting that appellate courts have never applied the *Marks* rule to *Concepcion* and *Gant*). Here, Judge Walker joined the portion of Judge Pan's opinion holding that § 1512(c)(2) encompasses all forms of obstructive conduct. That is *Fischer*'s clear holding. The fact that Judge Walker's understanding of the statute's *mens rea* requirement informed his decision to join the majority opinion does not make that understanding a holding of the court.

*Second*, any discussion of § 1512(c)(2)'s *mens rea* requirement in *Fischer* is necessarily *dicta*. In that case, the district court dismissed the indictments' § 1512(c)(2) counts, finding that they failed to state a claim because they "d[id] not allege that they violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object[.]'" *Fischer*, 2023 WL 2817988, at *3. In reversing that dismissal, the court of appeals had no occasion to interpret the meaning of the word "corruptly" as it is used in § 1512(c). An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he

must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). The indictments at issue in *Fischer* all alleged that the defendants acted "corruptly," as the statute requires. *See Fischer*, 2023 WL 2817988, at *2. Any dispute about the meaning of that term could have no bearing on the sufficiency of the indictment for purposes of a motion to dismiss.

*Third*, as both Judge Pan and Judge Walker recognized, the D.C. Circuit has never applied *Marks* to its own cases. *See Fischer*, 2023 WL 2817988, at *8 n.5; *id.* at *27 n.10 (Walker, J., concurring). Indeed, "only one federal appellate court has done so." *Id.* at *8 n.5 (citing *Binderup v. U.S. Att'y Gen.*, 836 F.3d 336, 356 (3d Cir. 2016) (en banc)). Insofar as this Court "needs *some* rule to decide the holding" of *Fischer*, 2023 WL 2817988, at *27 n.10 (Walker, J., concurring), that rule is apparent: it should follow the parts of the opinion agreed upon by a majority of the panel, as it would with any other opinion. As discussed above, that holding is clear: § 1512(c)(2)'s plain language encompasses all forms of obstructive conduct.

*Fourth*, even were this Court to apply a *Marks* analysis to *Fischer*, it would not require the Court to adopt Judge Walker's view of the meaning of "corruptly" as it is used in § 1512(c)(2). In *King v. Palmer*, the *en banc* D.C. Circuit held that "*Marks* is workable—one opinion can be meaningfully regarded as 'narrower' than another—only when one opinion is a logical subset of other, broader opinions. In essence, the narrowest opinion must represent a common denominator of the Court's reasoning; it must embody a position implicitly approved by at least five Justices who support the judgment." 950 F.2d 771, 781 (D.C. Cir. 1991) (en banc); *see generally Beyond the Marks Rule*, *supra*, at 1994-95 (noting that the D.C. Circuit has adopted a narrower reading of *Marks* than other courts of appeals). But Judge Walker's reading of "corruptly" does not "embody

a position implicitly approved by at least [two judges] who support the judgment"; to the contrary, a "majority of the panel . . . expressly declined to endorse the concurrence's definition of 'corruptly.'" *Fischer*, 2023 WL 2817988, at *8 n.5. Moreover, Judge Walker's definition was "not one with which [the majority] opinion 'must *necessarily agree as a logical consequence* of its own, broader position' because [the majority] opinion t[ook] no position on the exact meaning of 'corruptly.'" *Id.* (quoting *King*, 950 F.2d at 782). Indeed, insofar as Judge Walker pitched his opinion as "narrower" than Judge Pan's because he "read[s] [§ 1512](c)(2) to cover only *some* of the conceivable defendants the lead opinion might allow a court to convict," *Fischer*, 2023 WL 2817988, at *27 n.10 (Walker, J., concurring), that assertion again highlights the fact that any discussion of the meaning of the term "corruptly" in *Fischer* is *dicta*. The question on appeal in that case was whether the indictments at issue properly alleged an offense under § 1512(c)(2). Answering that question did not require the court to delineate the world of "conceivable defendants" that could be convicted under the statute. Indeed, attempting to do so would be entirely inappropriate at the motion to dismiss stage, which merely evaluated whether "the indictment fairly informed [the defendant] of the charge against him[.]" *Williamson*, 903 F.3d at 132.

There can be no doubt about *Fischer*'s clear holding: § 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." 2023 WL 2817988, at *3. That holding is binding on this Court. The discussion in Judge Walker's concurring opinion about the meaning of "corruptly" as it is used in § 1512(c)(2) is not.

Here, based on the aforementioned law and analysis, the government contends that § 1512(c)(2) applies to the conduct of Kevin Seefried on January 6, 2021. Because this issue has been resolved by the Court, there is no reason why Seefried should not be ordered to report to the

Bureau of Prisons to serve his 36-month sentence. Seefried has requested that he be allowed to report to the Bureau of Prisons a date after April 30, 2023, so that he can attend his grandson's birthday. (ECF No. 147). The government did not object to this request. (ECF No. 149). The government requests that Seefried be ordered to self-surrender to his designated BOP facility to begin serving his sentence on May 29, 2023.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_/s/_____
ELIZABETH MULLIN
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     */s/ Brittany L. Reed*_____
BRITTANY L. REED
Assistant United States Attorney
LA Bar No. 31299
650 Poydras Street, Ste. 1600
New Orleans, LA 70130
Brittany.Reed2@usdoj.gov
(504) 680-3031

*/s/ Benet J. Kearney*_____
BENET J. KEARNEY
Assistant United States Attorney
NY Bar No. 4774048
1 Saint Andrew's Plaza
New York, New York 10007
Benet.Kearney@usdoj.gov

(212) 637-2260

(212) 637-2260