```
 1                 BEFORE THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA
 2


 3     UNITED STATES OF AMERICA,        .
                                        .  Case Number 21-cr-287
 4              Plaintiff,              .
                                        .
 5           vs.                        .
                                        .
 6     KEVIN SEEFRIED and               .
       HUNTER SEEFRIED,                 .  April 8, 2022
 7                                      .  2:04 p.m.
                Defendants.             .
 8     - - - - - - - - - - - - - - - -

 9                    TRANSCRIPT OF STATUS CONFERENCE
                  BEFORE THE HONORABLE TREVOR N. MCFADDEN
10                    UNITED STATES DISTRICT JUDGE

11     APPEARANCES:

12     For the United States:      BRITTANY REED, AUSA
                                   United States Attorney's Office
13                                 650 Poydras Street
                                   Suite 1600
14                                 New Orleans, Louisiana 70130

15                                 BENET KEARNEY, AUSA
                                   United States Attorney's Office
16                                 One Saint Andrew's Plaza
                                   New York, New York 10007
17
       For Defendant K. Seefried:  EUGENE OHM, AFPD
18                                 Federal Public Defender's Office
                                   625 Indiana Avenue Northwest
19                                 Suite 550
                                   Washington, D.C. 20004
20
       For Defendant H. Seefried:  EDSON BOSTIC, ESQ.
21                                 The Bostic Law Firm
                                   1700 Market Street
22                                 Suite 1005
                                   Philadelphia, Pennsylvania 19803
23
       Official Court Reporter:    SARA A. WICK, RPR, CRR
24                                 333 Constitution Avenue Northwest
                                   Washington, D.C. 20001
25                                 202-354-3284
```

```
 1                       P R O C E E D I N G S

 2          (All participants present via video conference.)

 3              COURTROOM DEPUTY:  Your Honor, this is Criminal Case

 4      21-287, United States of America versus Kevin Seefried and

 5      Hunter Seefried.

 6          Counsel, please introduce yourselves for the record,

 7      starting with the government.

 8              MS. REED:  Good afternoon, Your Honor.  AUSA Brittany

 9      Reed on behalf of the United States.

10              THE COURT:  Good afternoon, Ms. Reed.

11              MS. KEARNEY:  And good afternoon, Your Honor.  Benet

12      Kearney on behalf of the United States.

13              THE COURT:  Good afternoon, Ms. Kearney.

14              MR. OHM:  Eugene Ohm on behalf of Kevin Seefried.

15      Good afternoon, Your Honor.

16              THE COURT:  Good afternoon, Mr. Ohm, and good

17      afternoon, Mr. Kevin Seefried.

18              MR. BOSTIC:  Good afternoon, Your Honor.  Ed Bostic on

19      behalf of Hunter Seefried.

20              THE COURT:  Good afternoon, Mr. Bostic, and good

21      afternoon, Mr. Hunter Seefried.

22          Al right.  We are here for a status conference.

23          First, I wanted to check where -- have the parties

24      calculated the speedy trial clock at this point?  Ms. Reed, have

25      you looked at that?
```

1          MS. REED:  Your Honor, I did look at that issue.  I

2    can't say that I have the dates calculated out, but I do believe

3    that we are -- there have been interruptions within the speedy

4    trial period, particularly with the ongoing motion practice.

5          If I dig through my e-mails, I know that I did send some

6    correspondence to a supervisor about what I had calculated.

7    That was a few months ago.

8          But I know that the Court obviously was going to have a

9    concern about this issue.  And our position is that I think the

10   only filing that we think would have tolled as of today would

11   have been the motion to dismiss and obviously the Court's

12   ruling.  And then we do have motions that are due today as well.

13   I do anticipate filing motions.

14         I certainly can't speak for defense counsel, but it would

15   be our position that the time has been tolled based on the

16   motions practice, Your Honor.

17         THE COURT:  Okay.  So you think we still have time

18   left on the clock?

19         MS. REED:  Yes, sir.

20         THE COURT:  And, Mr. Ohm, have you looked at that?

21         MR. OHM:  Yes, Your Honor.  As the Court knows, I

22   think the government is talking about the motion to dismiss that

23   was filed by us on October 12th, 2021.  Our view, though, under

24   the case law, specifically *Bryant*, that this case -- that was

25   not a motion that it was determined required a hearing.  So the

1    presumptive reasonable time that could be tolled is 30 days.

2        So with that, it's my calculation that we are over the 70

3    days.  I have us at 79.

4            THE COURT:  Okay.  And Mr. Bostic, have you looked at

5    this?

6            MR. BOSTIC:  Your Honor, I took a look at it, and I

7    think that co-counsel is right in making the assertion.

8        Initially, I thought, like the government, that the motion

9    may have tolled the time, but I tend to agree with counsel for

10   Kevin Seefried at this point.

11           THE COURT:  Okay.  So I've, frankly, not dealt with

12   this issue before.

13       Mr. Ohm, were you planning to file something?

14           MR. OHM:  Yes, Your Honor.  Now that I know the

15   government is also going to file something, you will hear from

16   me, yes.

17           THE COURT:  Okay.  So I think I'm just not going to

18   deal with this right now.  I will wait to see the briefing and

19   obviously see the government's response.

20       I guess I've also been under the impression that your

21   initial motion to dismiss had tolled it by operation of statute.

22   I'm not sure.  You suggested that maybe that would just last for

23   30 days.  I need to see briefing by the parties before I weigh

24   in on that.

25       All right.  So I just wanted to flag that.  It sounds like

1    there's not anything we can or should be resolving right now.

2        Assuming we are still within the speedy trial clock,

3    Ms. Reed, where do things stand from your perspective?

4            MS. REED:  So first, Your Honor, I will start with

5    discovery.  So today, I made the government's production number

6    13, which is our global production, available to defense

7    counsel.  My apologies to them.  I was belated in sending that

8    out for a week finishing up a trial in my own jurisdiction, but

9    they should have access to global discovery production number

10   13.

11       As Your Honor knows, our global discovery productions are

12   still ongoing.  I did check in with the supervisor yesterday to

13   confirm that we still are working with the FBI to obtain

14   additional materials.

15       As it relates to this particular case, I do believe that I

16   have done my due diligence in working with the agents

17   particularly in this case to provide -- to obtain the discovery

18   and then provide it to defense counsel.

19       One thing that I was going to bring to Mr. Ohm's and

20   Mr. Bostic's attention, which is probably not particularly

21   relevant for the Court, I had tendered discovery previously, and

22   just for organizational purposes, those materials weren't Bates

23   numbered before.  I come from a jurisdiction where we do like to

24   number everything, and I think it may be easier to help you all

25   access documents as well.  So just for efficiency purposes, I

1    may reproduce discovery with the Bates numbers, and I'm working

2    with my legal assistant to do that.

3         But I do believe that I have done my due diligence to, at

4    least as it relates to the case-specific discovery, provide the

5    discovery that is in my possession, and I will continue to make

6    efforts, Your Honor, certainly if this matter goes to trial, to

7    make sure that I have done my due diligence in meeting with the

8    agents.

9         Going back to the global discovery production, I do believe

10   that is something that we are still working on in our office in

11   providing documents.  I do anticipate that that is going to be

12   ongoing, probably up and until if we do go to trial.

13        I do know Your Honor's position about the global discovery,

14   but Ms. Kearney and I are doing what we can to produce that

15   information as it is given to us.

16        So that, I think, covers the discovery component, and I

17   will let counsel speak if they have anything to add.

18             THE COURT:  Ms. Reed, I'm thinking we probably don't

19   need any more status conferences, that we next meet together on

20   the May 20th pretrial conference.

21             MS. REED:  That's correct, Your Honor, from our

22   perspective.

23             THE COURT:  Mr. Reed -- I'm sorry.  Mr. Ohm?

24             MR. OHM:  Sort of dovetailing off what the Court just

25   said, we are intending to refile that 1512 motion.  I think I

1    just wanted to alert the Court that if we do prevail on that

2    motion, then Mr. Kevin Seefried will not be asserting his right

3    to a jury for the remaining misdemeanor counts.

4        In terms of court scheduling, I wanted to let the Court

5    know that.  If we don't prevail on that motion to dismiss, it is

6    a question we might be considering as well, although I know

7    there's some additional procedural steps in order to seek that

8    route.

9        As far as discovery --

10           THE COURT:  Sorry.  I think I missed you there.  Are

11   you saying that you might waive jury trial regardless?

12           MR. OHM:  Yes.

13           THE COURT:  Okay.  Thank you.  Sorry to cut you off.

14           MR. OHM:  That's all, Your Honor.  I know that there's

15   additional discovery that the government has been turning over,

16   and that if there are any things that I see missing, I will

17   certainly let the government know.

18           THE COURT:  Okay.  Mr. Bostic?

19           MR. BOSTIC:  Your Honor, thank you.

20       Your Honor, let me start off by saying that we have been in

21   discussions with the government, and we may have reached an

22   agreement for a change of plea to some of the counts in

23   principle.  We still have to look at some of the language and

24   make certain that it works for both parties.

25       I would ask the Court if the Court would be willing to give

1    us a status conference two weeks from today for potentially a

2    change of plea hearing or even later if it's more convenient for

3    the Court.

4         And if for some reason the current negotiations break down,

5    I will notify the Court well ahead of that conference date.

6              THE COURT:  Yeah, okay.  I guess I don't want to just

7    have a status conference to find out that there's not been a

8    plea.  If you're suggesting that we set a date basically for a

9    plea hearing that would then be vacated if there's not going to

10   be a plea, I'm happy to do that.

11        Is that what you're suggesting, Mr. Bostic?

12             MR. BOSTIC:  Yes, Your Honor, that would work.

13        Your Honor, I should add, we intend to file a motion with

14   respect to the 15(c)(2) count we filed.  But I would say for the

15   record that our case is somewhat different from the

16   co-defendant's case in terms of the additional charges which

17   Mr. Hunter Seefried faces in this matter.

18             THE COURT:  All right.  So Mr. Bostic, when you say

19   two to three weeks, do you think that's realistic?

20             MR. BOSTIC:  I believe so, Your Honor.

21             THE COURT:  Okay.  How about 2:00 p.m. on April 27th?

22   Is that enough time, Mr. Bostic, and does that work for you?

23             MR. BOSTIC:  I believe so.  April 27th?

24             THE COURT:  Yes, sir.  That works for you?

25             MR. BOSTIC:  Yes, Your Honor.

1          THE COURT:  Okay.  Ms. Reed, does that work for you?

2          MS. REED:  Yes, it does, Your Honor.

3          THE COURT:  All right.  So I will set this for -- I'm

4    going to go ahead and set this for a plea hearing on April 27th

5    for Mr. Hunter Seefried at 2:00 p.m.

6       Are you asking for that to be in person or virtual,

7    Mr. Bostic?

8          MR. BOSTIC:  Your Honor, I believe it would be more

9    convenient for Mr. Seefried to have it virtually.  And with

10   respect to any sentencing in this case, then obviously we would

11   ask the Court to do that in person.

12         THE COURT:  Ms. Reed, does that make sense to you?

13         MS. REED:  It does.

14         THE COURT:  Okay.  So we will set this for a virtual

15   plea hearing on April 27th at 2:00 p.m., and that's only in the

16   Hunter Seefried matter.

17      I will ask the parties to either provide me with original

18   copies of the plea paperwork by April 25th or indicate to the

19   Court that there's not going to be a plea, in which case I would

20   just vacate that date.

21      Anything else we should be discussing today, Ms. Reed?

22         MS. REED:  I don't believe so, Your Honor.

23         THE COURT:  Mr. Ohm?

24         MR. OHM:  No, thank you, Your Honor.

25         THE COURT:  And Mr. Bostic?

1          MR. BOSTIC:  Your Honor, there's one other thing.

2      Your Honor, given that we are currently asking the Court

3  for a change of plea date, I do not intend to file a motion on

4  the speedy trial issue, but I will ask the Court leave to join

5  in any motion Mr. Ohm files in that regard.

6          THE COURT:  I'm happy to grant that leave.  Do you

7  want me to just do that now, or do you want to file something

8  briefly once Mr. Ohm files and you've had a chance to see it?

9          MR. BOSTIC:  Your Honor, I would ask the Court to do

10  it now.

11          THE COURT:  I'm fine with you joining in that motion.

12  I think it makes sense for everybody to not have duplicative

13  motions.  So I appreciate that.

14      All right.  Thanks, folks.  So I will see some of you

15  presumably at the end of this month, and otherwise, the rest

16  will have our in-person pretrial conference on May 20th at

17  10:00 a.m. in Courtroom 2.

18      Thank you, folks.

19      (Proceedings adjourned at 2:19 p.m.)

20

21

22

23

24

25

1           CERTIFICATE OF OFFICIAL COURT REPORTER

2

3           I, Sara A. Wick, certify that the foregoing is a

4    correct transcript from the record of proceedings in the

5    above-entitled matter.

6

7           Please Note:  This hearing occurred during the

8    COVID-19 pandemic and is, therefore, subject to the

9    technological limitations of court reporting remotely.

10

11

12   /s/ Sara A. Wick                  May 8, 2023

13   SIGNATURE OF COURT REPORTER       DATE

14

15

16

17

18

19

20

21

22

23

24

25