**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 21-287-1 (TNM)** |
| | ) | |
| **KEVIN SEEFRIED** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Kevin Seefried respectfully moves this Court for release pending appeal. Mr. Seefried satisfies the criteria for release because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Mr. Seefried's felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

**Background**

On April 27, 2022, Mr. Seefried was charged by indictment with five counts: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C.

1

§ 1512(c)(2) (Count One), Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Two), Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(2) (Count Three), Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Four), and Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Five).[1]

On June 15, 2022, following a two-day bench trial, this Court convicted Mr. Seefried of all counts. On February 9, 2023, Mr. Seefried was sentenced to an aggregate term of 36 months (36 months on Count 1; 12 months on each of Counts 2 and 3; and 6 months on each of Counts 4 and 5, all to run concurrently), followed by 12 months of supervised release.

On March 2, 2023, Mr. Seefried moved for release pending appeal. (ECF 146) On March 21, 2023, this Court granted Mr. Seefried's motion. (ECF 151) The Court found that the only question before it was whether Mr. Seefried had raised a "substantial question." *Id.* As to that question, the Court concluded that Mr. Seefried's "appeal raises a 'close question' of statutory interpretation on which reasonable minds can disagree." *Id.* (citing *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1985)). The Court noted that another district court had "found that conduct similar to Seefried's did not qualify as something that 'otherwise obstructs,

---

[1] Kevin Seefried was charged alongside his son, Hunter Seefried. Hunter was charged with three additional counts of destruction of property.

2

influences, or impedes' an official proceeding under § 1512(c)(2)." *Id.* (citing *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022). The Court therefore delayed Mr. Seefried's reporting date pending the D.C. Circuit's decision in *United States v. Fischer*, No. 22-cr-3038, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), which consolidated the appeals of three defendants, including *Miller*.

On April 7, 2023, the D.C. Circuit decided *Fischer*, adopting a "broad interpretation" of Section 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document, or other object" as mentioned in Section 1512(c)(1). *United States v. Fischer*, 64 F.4th 329, 337 (D.C. Cir. 2023), cert. granted, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

On April 21, 2023, this Court ruled that the D.C. Circuit's decision in *Fischer* "rejected" Mr. Seefried's interpretation of 18 U.S.C. § 1512, thereby "significantly undermining" Mr. Seefried's "most viable" issue on appeal. (ECF 158) As a result, the Court ordered Mr. Seefried to self-surrender to the Bureau of Prisons by May 31, 2023, and Mr. Seefried complied. (ECF 158) Mr. Seefried remains incarcerated.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer*, which presented the following question: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *Id.*

## Grounds for Release Pending Appeal

A court "shall order the release" of an individual pending appeal if it finds:

(A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
    (i)    reversal,
    (ii)    an order for a new trial,
    (iii)    a sentence that does not include a term of imprisonment, or
    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). As this Court concluded with respect to Mr. Seefried's prior motion to release pending appeal, and in light of the Supreme Court's decision to hear *Fischer*, Mr. Seefried meets all of the statutory criteria for release pending appeal.

## A.    Mr. Seefried poses no flight or safety risk.

Mr. Seefried's behavior since the inception of this case has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk. From January 25, 2021, until the day he reported to prison, Mr. Seefried was released on conditions and a personal recognizance bond. Thus, for over two years, Mr. Seefried fully demonstrated his compliance with all pretrial release conditions. As the Court is aware, prior to his current incarceration, Mr. Seefried, a cancer survivor, lived in Laurel, Delaware and was gainfully employed installing drywall. His steady

employment record and ability to earn money for his family as an hourly wage earner underscores that he will neither flee nor pose any safety concerns, because doing so would risk his livelihood. For these reasons, as this Court found in the context of Mr. Seefried's prior motion for release pending appeal, he presents no flight or safety risk.

**B.    Mr. Seefried's appeal raises a substantial question and therefore is not for the purpose of delay.**

Whether Section 1512(c)(2) applies to Mr. Seefried's conduct is a substantial question of law. This Court previously found that "reasonable minds can disagree" with respect to this question—a conclusion that has become only more robust with the Supreme Court's granting certiorari in *Fischer* to address whether Section 1512(c) includes conduct (like Mr. Seefried's) that is unrelated to investigations and evidence.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Mr. Seefried's appeal establishes a likelihood of *reversal*. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well *could* be'" decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

As the Court is aware, Mr. Seefried challenged the legal propriety of the felony obstruction count, 18 U.S.C. § 1512(c)(2), in this case. Mr. Seefried made three arguments supporting dismissal of this count. First, the statutory language, legislative history, and legal precedent reflect that § 1512(c)(2) prohibits only the corrupt obstruction of tribunal-like proceedings before Congress related to the administration of justice, not a proceeding like the certification of the electoral college vote. Second, the conduct Mr. Seefried was accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, as § 1512(c)(2) is limited by § 1512(c)(1).  As such, subsection (c)(2) prohibits only conduct that undermines an official proceeding's truth-finding function through actions impairing the integrity and availability of evidence. Third, as charged, § 1512(c)(2) does not provide fair notice that "official proceedings" includes proceedings unrelated to the administration of justice, and the statute's *mens rea* requirement—that the criminal act be committed "corruptly"—lacks a limiting principle, rendering the statute unconstitutionally vague as applied to Mr. Seefried.  [ECF. No. 37].

As this Court previously agreed, these are "close question[s] or one[s] that very well could be decided the other way." *Perholtz*, 836 F.2d at 555; *see* Order on Motion for Release Pending Appeal (ECF 151). Indeed, substantiality is not hypothetical here: the Supreme Court has granted certiorari to assess whether the D.C. Circuit erred in adopting a broad reading of 18 U.S.C. § 1512(c) "to include acts unrelated to

investigations and evidence." *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

**C.    Resolution of this substantial question in Mr. Seefried's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.**

If decided in Mr. Seefried's favor, his appellate challenge to the applicability of Section 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. As this Court previously observed, Mr. Seefried's three-year sentence is "driven by" the 36 months that the Court imposed on the felony § 1512(c)(2) count. (ECF 151) The remaining, concurrent sentences for Mr. Seefried's misdemeanor counts were all substantially less—only 12 months on each of Counts 2 and 3 and only 6 months on each of Counts 4 and 5, representing the maximum sentence statutorily authorized on those counts. Thus, as this Court found, "Seefried's sentence absent the obstruction count could be less than the time it takes for the appellate process . . . to resolve. This is especially true given that Seefried's other counts of convictions would all be misdemeanors if § 1512(c) is found inapplicable to his conduct." *Id.*

As an initial point, under the sentencing-package doctrine, all of the misdemeanor sentences would be vacated upon the reversal of the felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v.*

*Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). Moreover, without Mr. Seefried's felony conviction, his misdemeanor sentences likely would have been even lower. In other cases involving misdemeanor-only January 6 defendants whose conduct and history are similar to Mr. Seefried's, this Court has consistently imposed sentences of less than a month of incarceration or probation only. *See, e.g.*, *United States v. Winn*, No. 21-cr-139-1 (TNM) (10 days' incarceration); *United States v. Griffin*, No. 21-cr-92 (TNM) (14 days' incarceration); *United States v. Cordon*, No. 21-cr-277 (TNM) (12 months' probation); *United States v. Cudd*, No. 21-cr-68-1 (TNM) (2 months' probation); *United States v. Pert*, No. 21-cr-139-1 (TNM) (24 months' probation).

Thus, a favorable resolution of the substantial question raised by Mr. Seefried is very likely to result in a sentence less than the total of the time he has already served given the expected duration of the appeal process. Mr. Seefried's sentence on his misdemeanor counts would be 12 months or less and he has already served over six months of imprisonment. The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months.[2] Given that the D.C. Circuit will likely hold Mr. Seefried's case in abeyance pending the Supreme Court's decision in *Fischer*, even if nothing else changes, Mr. Seefried's sentence absent the obstruction count will likely be less than the expected duration of the appeal process

---

[2] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

plus the total time he has already served. And if *Fischer* is decided favorably before the end of the Supreme Court's term and results in an immediate remand of Mr. Seefried's case, perhaps the most likely reduced imprisonment sentence for his misdemeanor-only counts—less than a month—certainly will have been served before his appeal concludes.

## Conclusion

For these reasons, Mr. Seefried respectfully moves for release pending appeal.


Respectfully Submitted,

A.  J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Elizabeth Mullin
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500