**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case. No. 21-287-1 (TNM)** |
| ) | |
| **KEVIN SEEFRIED** ) | |
| ) | |
| **Defendant.** ) | |

## REPLY TO THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

Kevin Seefried, through counsel, respectfully submits this Reply to the government's Opposition to his Motion for Release Pending Appeal. In its Opposition, the government argues, without basis, that Mr. Seefried presents a flight risk. Mr. Seefried's records of perfect compliance with conditions of release and his timely report to prison belie the government's speculation—based entirely on the conduct of *other* January 6th defendants—that Mr. Seefried is now, suddenly, a flight risk. Next, the government argues that Mr. Seefried's sentence absent the felony would be the same. Two district judges have considered precisely the same issue raised by Mr. Seefried and have reached the opposite conclusion. *See* Minute Order, *United States v. Clark*, 1:21CR538 (DLF) (12/21/23) (granting release pending appeal where defendant was convicted of obstruction of justice and multiple misdemeanor counts because "[i]f the felon defendant's felony conviction were reversed or vacated, the Court might well impose a different sentence"); *see also* Memorandum Opinion, *United States v. Adams*, 21CR354(APM) (1/10/24) (hereinafter "*Adams* Mem.Op.")

(granting release from Bureau of Prisons pending appeal noting that "if Defendant were to be resentenced on Count Two [the misdemeanor count], he would be a misdemeanant, not a felon. This Court consistently has imposed sentences of short terms of incarceration (90 days or less) or probation with home confinement for January 6 defendants only convicted of misdemeanants.").[1]

Because Mr. Seefried's appeal raises a "substantial question," he should be released pending appeal pursuant to 18 U.S.C. § 3143(b).

## I.    As this Court has previously found, Mr. Seefried poses no flight risk.

Mr. Seefried's behavior since the inception of this case has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk. From January 25, 2021, until the day he reported to prison, Mr. Seefried was released on conditions and a personal recognizance bond. As this Court knows, Mr. Seefried has lived and worked in Delaware all of his adult life. An hourly-wage earner, he is a man with little means. If he had any inclination to flee (which he does not), he would not have the ability to do so. Nevertheless, without evidence to support its contention that Mr. Seefried is a flight risk, the government speculates that now that he has gone to prison, he is more likely to flee. *See Adams* Mem. Op. 2 (granting release pending appeal for defendant currently serving sentence noting that the "Defendant lacks the financial resources to flee and has strong community ties."). The

---

[1] Judge Mehta's Memorandum Opinion addressing the issue raised here—release pending appeal in light of the Supreme Court's consideration of *Fischer* where the defendant has already reported to his sentence—is attached as Exhibit 1.

government's rank speculation is not based on anything Mr. Seefried has said or done and, respectfully, should not be entertained by this Court.

## II. Mr. Seefried's sentence is driven by the obstruction conviction, and a new sentence absent that count would warrant release.

The government argues that because Mr. Seefried was sentenced to 12 months on the misdemeanor counts, a new sentence absent the obstruction count would not be shorter than the amount Mr. Seefried has already served plus the duration of the appeals process.  Gov't Opp. at 6. Not so. Absent the obstruction count, it is highly likely that a sentence on the misdemeanor counts would be much lower than 12 months. Indeed, this Court has acknowledged that Mr. Seefried's sentence is "driven by" the obstruction count. ECF. No. 151 (prior Order granting release pending appeal). A district judge recently agreed that the obstruction count drives the sentence in a similar case where, like Mr. Seefried, the defendant was convicted of obstruction and several misdemeanor counts. In *United States v. Clark*, the defendant was convicted of obstruction, three Section 1752 misdemeanor counts, and two misdemeanor counts under 40 U.S.C. § 5104. *United States v. Clark*, 1:21CR538-DLF, ECF. No. 70. He was sentenced to 33 months on the obstruction count, 12 months on each of the 1752 counts, and six months on each of the petty misdemeanor counts. *Id*. The Honorable Judge Friedrich ordered the defendant released pending appeal, notwithstanding the 12-month sentence the Court imposed for the misdemeanor counts, finding that:

> It does not matter that the Court also sentenced the defendant to a term of incarceration as to the other, misdemeanor counts. Consistent with the Sentencing Guidelines, the Court's sentencing decision was driven

by the felony conviction for violation of 18 U.S.C. § 1512. If the
defendant's felony conviction were reversed or vacated, the Court might
well impose a different sentence.

*United States v. Clark*, 1:21CR538, Minute Order, 12/21/23.

Similarly, in *United States v. Adams*, the defendant was sentenced to 14
months incarceration on the obstruction count and 12 months on the misdemeanor
count. The Honorable Judge Mehta rejected the same arguments raised by the
government here and ordered the defendant released from his sentence pending the
Supreme Court's consideration of *Fischer*. *See* Exh 1., *Adams* Mem. Op. 2.

Eschewing the clear language in 18 U.S.C. § 3143(b)(1)(B)(iv) in favor of its
own mathematical calculus, the government ignores that Mr. Seefried has *already
served* over seven months in prison, and by the time *Fischer* is likely decided he will
have served over 12 months. *See* Seefried Mot. For Release 8; *see also Adams* Mem.
Op. 4. There is thus every reason to think based on a review of this Court's sentences
in misdemeanor-only cases (including those involving multiple convictions) that Mr.
Seefried's revised sentence would be far less than 12 months. *See, e.g.*, *United States
v. Chan*, 21-cr-668 (TNM); (3 months' incarceration) *United States v. Cantrell* (TNM);,
22-cr-121 (6 months' incarceration); *United States v. Winn*, No. 21-cr-139-1 (TNM) (10
days' incarceration); *United States v. Griffin*, No. 21-cr-92 (TNM) (14 days'
incarceration); *United States v. Cordon*, No. 21-cr-277 (TNM) (12 months' probation);
*United States v. Cudd*, No. 21-cr-68-1 (TNM) (2 months' probation); *United States v.
Pert*, No. 21-cr-139-1 (TNM) (24 months' probation). Thus, the resolution of the
substantial question raised by Mr. Seefried in his favor is very likely to result in a

sentence "less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

**Conclusion**

For the reasons herein and in Mr. Seefried's Motion for Release Pending Appeal, Mr. Seefried respectfully moves the Court to grant him release pending appeal in light of the Supreme Court's grant of certiorari in *United States v. Fischer*.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Elizabeth Mullin
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500