UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case. No. 21-287-1 (TNM) |
| KEVIN SEEFRIED | ) ) ) | |
| Defendant. | ) ) | |

## MOTION FOR CLARIFICATION OF COURT'S ORDER GRANTING MR. SEEFRIED'S RELEASE PENDING APPEAL

Kevin Seefried, through counsel, respectfully moves this Court for clarification as to whether, when this Court granted Mr. Seefried's Motion for Release pending appeal and ordered him released "one year after the day on which he surrendered to custody," the Court intended for its order to supersede the ordinary operation of Bureau of Prisons "good time" and First Step Act credit. This clarification question is important: Mr. Seefried surrendered to the Bureau of Prisons on May 31, 2023. If "good time" credit is accounted for, he should be released immediately. If the Court did not intend for him to receive the credit typically afforded BOP inmates who incur no violations, he will be released on June 1, 2024. In support of the Motion, counsel state:

This court is well familiar with the background of this case. Following a bench trial, Mr. Seefried was convicted of four misdemeanor and one felony count. Following those convictions, the Court sentenced Mr. Seefried to 36 months' incarceration on the § 1512(c) felony count, twelve months' incarceration on each of the § 1752(a)

misdemeanor counts, and six months' incarceration on each of the § 5104(e)(2) misdemeanor counts. All sentences were concurrent to one another. Mr. Seefried has timely appealed his convictions.

On March 26, 2021, this Court granted Mr. Seefried's Motion for Bond Pending Appeal, which he filed after he started serving his sentence in light of the Supreme Court's grant of certiorari in *United States v. Fischer*. *Fischer v. United States*, 144 S. Ct. 537, 537 (2023) (Mem.). In its Memorandum Opinion, the Court concludes that, in the event of a re-sentencing, the Court would likely not change the one-year sentence on the two Section 1752 convictions and would run the one-year sentence concurrent to the other misdemeanor sentences. *See* Mem. Op. ECF. No. 168 at 10. Thus, based on the Court's conclusion that Mr. Seefried's "likely reduced sentence is a total of one year of incarceration," the Court ordered Mr. Seefried released "one year to the day after he surrendered to the custody of the Attorney General." *Id* at 11.

The purpose of the Court's sentencing analysis in granting Mr. Seefried's Motion for Release Pending Appeal was to determine whether the substantial question raised is likely to result in a reduced sentence. This means the Court was, in essence calculating, what Mr. Seefriend's sentence would be in the event his argument were successful. That would-be sentence should operate like any other and be subject to BOP credits as they typically operate. This would reduce the risk that Mr. Seefried would overserve a sentence, should it ultimately be reduced.

It stands to reason that because the Court's release date is based upon the sentence Mr. Seefried would receive on remand, Mr. Seefried's release date should

account for "good time" credit he has earned by being a model prisoner. If "good time" credit is accounted for, he should be released immediately. However, the Bureau of Prisons has read the Court's order to mean that Mr. Seefried should be released 12 months and one day after his surrender, which would be June 1, 2024, regardless of the ordinary operation of BOP credit rules. *See* attached email from Bureau of Prisons. Accordingly, counsel seek clarification from the Court as to whether the Court intended for Mr. Seefried to receive credit for good behavior. Counsel has attached a proposed Order for the Court's consideration.

                                            Respectfully Submitted,

                                            A. J. KRAMER

                                            Federal Public Defender for the
                                            District of Columbia

                                            by:_____s/_____
                                            Elizabeth Mullin
                                            Eugene Ohm
                                            Assistant Federal Public Defenders
                                            625 Indiana Avenue, NW
                                            Washington D.C. 20004
                                            202 208-7500