# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

v.

**KEVIN SEEFRIED**,

Defendant.

Case No. 1:21-cr-00287-1 (TNM)

## ORDER

Recently the Court granted Defendant Kevin Seefried's motion for release pending appeal. Order, ECF No. 168. In its order, the Court determined that, if Seefried were to succeed in his appeal, it would likely sentence him to a one-year term of imprisonment on remand. *Id*. at 11. It therefore ordered the Bureau of Prisons to release him "one year after the day on which he surrendered to custody." *Id*.

Seefried has now moved to clarify that order. Mot., ECF No. 170. He notes that, ordinarily, federal prisoners can obtain credits for their behavior while in prison, and that those credits might reduce his prison time. *Id*. at 1. He therefore asks this Court to make clear whether such credits are still available, given that the Court's Order has apparently led the Bureau of Prisons to believe that they are not. *Id*. at 3. If those credits were available, Seefried claims, he would be entitled to immediate release from custody. *Id*. at 1.

The Government opposes this motion. Opp'n, ECF No. 171. It explains that there are two main categories of credits applicable to federal prisoners like Seefried: good time credits and First Step Act credits. *Id*. at 2. It claims that Seefried is not eligible for good time credits because those credits are available only to prisoners "serving a term of imprisonment of more

than 1 year." *Id*. at 2–3; 18 U.S.C. § 3624(b).  And Seefried's likely reduced sentence is only one year, not more.  Opp'n at 3.

The Government also argues that the First Step Act credits are unavailable to Seefried.  Opp'n at 3.  Although he has accrued 105 days of credits under the Act so far, *id*., those credits are applied only at the end of an inmate's prison term.  18 U.S.C. §§ 3624(g)(1)(A).  And, the Government says, Seefried's sentence for this purpose is three years, not one.  Opp'n at 3–4; *contra* Opp'n at 3.  So Seefried's term of incarceration does not end for 25 more months and the First Step Act credits would be of no help to him here.

It appears clear that the Court's previous order has caused unnecessary confusion.  The Court therefore grants Seefried's Motion to Clarify to the following extent.  In the Court's prior order, the Court stated that Seefried's "likely reduced sentence" on each of his two misdemeanor convictions would "remain one year, . . . all to run concurrently."  Order at 9.  That was the bottom line of the Court's § 3143(b)(1)(B) analysis, and the Court should have stopped there.  To the extent that the Court went further and ordered the Bureau of Prisons to "release Seefried one year after the day on which he surrendered to custody," *id*. at 11 (emphasis omitted), that further statement was a mistake.

A motion for release pending appeal does not call upon the Court to specify a particular release date.  Nor should the Court have provided one.  All the Court was doing in its Order was projecting the likely length of Seefried's reduced sentence.  At *that* point, it falls to the Bureau of Prisons to calculate whether he is eligible for good time or First Step Act credits and what the result of applying those credits might be.  To be clear, the parties appear to agree that the Court's order does not displace the ordinary operation of such credits.  They just disagree about what the impact of such credits would be.  The Court leaves that question to the expert judgment of the

Bureau of Prisons in the first instance. The Bureau should take notice of Seefried's likely reduced sentence of one year and determine what, if any, effect the good time and First Step Act credits have on his release date.

Accordingly, the Court **ORDERS** that the Motion to Clarify, ECF No. 170, is **GRANTED** to the extent discussed above.

**SO ORDERED**.

Dated: May 10, 2024                                              TREVOR N. McFADDEN, U.S.D.J.